RAILWAY COMPANY *v*. HULL.

(*Knoxville*. October 15, 1889.)

1. NEGLIGENCE. *Comparative repudiated in this State.*

The doctrine of comparative negligence has been repudiated in this State, and it is reversible error for the Court to charge it where the law of *contributory* negligence should be given.

Cases cited: Railroad *v*. Gurley, 12 Lea, 55; Railroad *v*. Fain, 12 Lea, 35.

2. SAME. *Charge stating doctrine of comparative negligence.*

The doctrine of *comparative*, not of *contributory* negligence, is stated where the Court, without modification in other parts of his charge, uses this language: " If the proof should show that it was the greater or grosser negligence of the defendant, through its agents or employes who were the superiors of plaintiff, or by using defective, imperfect, and unsafe machinery, that he was injured, he could recover; but if, at the same time, the evidence shows you that the negligence or want of care or caution upon the part of the plaintiff himself contributed to that injury, then that would be contributory negligence, and would be looked to and considered in mitigation of damages—that is, you could not give as much damages for the injury he sustained when his own want of care or negligence contributed, as you could when he had been entirely blameless. The greater the contributory negligence upon his part, the less damages, if he should be entitled to any."

Cases cited and distinguished: Railroad *v*. Gurley, 12 Lea, 55; Railroad *v*. Fain, 12 Lea, 35.

---

FROM SULLIVAN.

---

Appeal in error from Circuit Court of Sullivan County. A. J. BROWN, J.

W. M. BAXTER and HAYNES & HAYNES for Railway Company.

THOMAS CURTIN and TAYLOR & ST. JOHN for Hull.

FOLKES, J. The railroad company has appealed in error from the verdict and judgment against it for damages for personal injury, occasioned, by a train of cars belonging to and operated by it.

The facts of the case need not be stated, in the view we have taken of the case. For the plaintiff in error, it is insisted that the judgment should be reversed for error in the charge of the Court upon the law of negligence. The portion of the charge objected to is as follows:

"If the proof should show that it was the greater or grosser negligence of the defendant, through its agents or employes who were the superiors of this plaintiff, or by using defective, imperfect, and unsafe machinery, that he was injured, he could recover; but if, at the same time, the evidence shows you that the negligence or want of care or caution upon the part of the plaintiff himself, contributed to that injury, then that would be contributory negligence, and would be looked to and considered in mitigation of damages—that is, you could not give as much damages for the injury he sustained where his own want of care or negligence contributed, as you could where he had been entirely blameless. The greater the contributory negligence upon his part, the less damages, if he should be entitled to any."

This is manifestly erroneous. It invited the jury to a comparison of the negligence between plaintiff and defendant, and directed them to render verdict for the plaintiff, if they should be of opinion that the injury was caused by the greater or grosser negligence of the defendant.

This charge presents the doctrine of "comparative negligence," which this Court has more than once said has never prevailed in this State.

The error of the charge in this regard is emphasized by the statement in that connection concerning the doctrine of contributory negligence.

The jury were nowhere told that the negligence of the plaintiff which might and ought to be considered in mitigation of damages, should be such as contributed remotely, and not directly, to the injury, and that if the negligence of the plaintiff contributed directly to the injury as the proximate cause thereof, instead of remotely, such negligence would be a complete bar to any recovery.

"Contributory negligence on the part of the plaintiff is, when it proximately contributes to the infliction of the injury, a bar to an action, because a person cannot be permitted to rush upon an apparent danger, and then, because an injury ensues, be allowed to saddle the other party with the pecuniary consequences of an injury which his own want of care has brought upon him. But if the damage is not the necessary or ordinary or likely result of such contributory negligence, but is due to some wholly unlooked-for and unexpected

event, which could not reasonably have been anticipated or regarded as likely to occur, such contributory negligence is too remote to be set up as a bar to the action.

"In all cases where negligence on the part of the plaintiff is remotely connected with the cause of injury, the question to be determined is whether the defendant, by the exercise of ordinary care and skill, might have avoided the injury. If he could have done so, the remote and indirect negligence of the plaintiff cannot be set up as an answer to the action." 2 Wood's Railway Law, 1254, 1255.

It is unnecessary here to discuss the doctrine of "comparative negligence" as it exists in the States of Illinois and Kansas, and to some extent in Georgia. The subject will be found fully treated in 2 Thompson on Neg., 1164 *et seq.* It is sufficient to say that it has been expressly repudiated in this State. *Railroad* v. *Gurley*, 12 Lea, 55. In that, as also in the case of *Railroad* v. *Fain*, *Ibid.*, 35, the Court permitted in a charge the terms "more gross" negligence, and other language which might ordinarily imply comparison, to pass without vitiating the verdict, where it was manifest from the context that the terms were limited so as to signify the "prime, principal, and proximate cause of the injury," as contradistinguished from the remote cause, and where the charge was elsewhere so explicit as not to permit of the jury being misled by such terms.

Now, while it is true that in the case at bar the

jury had been told, in general terms, that if by the exercise of ordinary care plaintiff could have avoided the injury he could · not recover, and that if injured by his own negligence he could not recover, and that if he were *equally blamable* with the defendant he could not recover; yet, when the language used is considered ·in connection with so much of the charge as we have quoted, it is manifest that the objectionable terms were not qualified so as to save the charge, as was held in the cases of Fain and of Gurley.

Instead of leaving it to be studied out whether or no the objectionable language has been saved or cured, it would be much better to omit from the charge all language implying a comparison of the negligence between plaintiff and defendant.

A correct exposition of the law governing such actions does not require the use of any language of doubtful import.

Inasmuch as the case will be tried again in the Court below, we express no opinion on the facts of the case as presented in another assignment of error.

For the error in the charge, as herein shown, the judgment must be reversed and cause remanded.