ARTHUR J. VADNEY, Respondent, *v.* UNITED TRACTION COMPANY, Appellant.

Third Department, September 8, 1920.

Street railways — negligence — collision between trolley car and sleigh stalled on track — trial — charge — statement that jury may be guided by their common sense — failure of driver of sleigh to carry light — Highway Law, section 329a, construed — erroneous charge as to duty of sleighs to carry lights — appeal — error favorable to defendant.

In an action against an electric railroad company to recover for injuries caused by a collision between the defendant's car and a sleigh which the plaintiff was driving, it was not error for the court to instruct the jury to use common sense in the determination of the facts and that it was to be guided by its experience — by the experience of the individual jurymen — rather than by the arguments of the lawyers or the dictum of the judge. By such charge the court did not suggest that the jury was to be controlled by its common sense apart from the evidence.

Moreover, as the attorney for the defendant made no suggestion of any modification desired in reference to the remarks of the court, to which objection was made, the issue is not available on appeal, for it is only where the attention of the court is called to a specific error of law by an exception that there is anything presented for review upon an appeal.

As section 329a of the Highway Law, relating to lights to be carried on vehicles, applies only to vehicles " on *wheels* whether stationary or in motion, while upon any public street," the statute is not applicable to sleighs upon public streets, and hence in an action to recover for injury to

the plaintiff who in the night time was struck by the defendant's street car while his sleigh was stalled upon the track, it was error to charge that his failure to carry a light was *prima facie* evidence of contributory negligence on his part which might be rebutted.

The charge aforesaid was more favorable to the defendant than that to which it was entitled, and hence the error is not ground for a reversal of a judgment for the plaintiff.

APPEAL by the defendant, United Traction Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rensselaer on the 28th day of October, 1919, upon the verdict of a jury for $14,000, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*John E. MacLean* [*John T. Norton* of counsel], for the appellant.

*Thomas F. Powers,* for the respondent.

WOODWARD, J.:

There is no dispute that the plaintiff was seriously injured in a collision between one of the defendant's street cars and a sleigh in charge of the plaintiff in the early morning of December 24, 1917. The plaintiff was employed to drive a delivery sleigh for a bakery located in Albany, and on the day in question had taken on his load early in the morning, and at about half-past five o'clock in the morning had reached a point on the viaduct in Rensselaer used by the defendant, in common with the public, for the operation of its cars. He entered the viaduct at the southerly end and proceeded north. The snow, it appears from the evidence, was thin on the east side of the defendant's tracks, which were near the center line of the viaduct, and the plaintiff turned his horse to the westerly side of the tracks. The sleigh was heavily loaded and the horse appears to have been unable to draw the load because of the absence of snow from the viaduct roadway. He came to a standstill with the sleigh covering the westerly rail of the south-bound track of the defendant. The plaintiff says that he tried to get the horse to pull the load off from the track, but the horse was unable to start the sleigh. While thus

engaged the plaintiff's helper came upon the scene. The plaintiff directed his helper to take the horse by the head and urge him to pull, and the plaintiff took the lines in one hand, and, with the other, tried to help to move the sleigh. At this point the defendant's car, which had to run between 500 and 600 feet upon the viaduct before reaching the sleigh, came upon the plaintiff, who was seriously injured by being pinned between the sleigh and the advancing car.

The question of the defendant's negligence and of the contributory negligence of the plaintiff were sharply contested upon the trial, and it is practically conceded that there were questions of fact for the jury, which found a verdict in favor of the plaintiff for the sum of $14,000. The defendant appeals from the judgment and from an order denying its motion for a new trial on the minutes.

The defendant urges that the learned trial court erred in its charge to the jury to the prejudice of its rights. The learned court by way of explanation told the jury that it was its duty to use common sense in the determination of the facts; that it was to be guided by its experience — by the experience of the individual jurymen — rather than by the arguments of the lawyers or the dictum of the judge; and it is now urged that this constituted error which should result in the reversal of this judgment. It may well be doubted whether the question now argued was fairly presented to the court at a time or under circumstances which entitle the defendant to a review. Counsel had excepted " to the charge of the court in regard to the rights of the plaintiff to go over to the wrong side of the road and to get out of the way of the car if he could — whatever you said in that regard," and then added, not an exception, but that " I object to that part of the charge in which you said it was the duty of the jury to use common sense, and what you said upon that subject, and also what you said upon the subject of the common sense of the common people, and what you said about the lawyers and judges." Having objected, counsel then said: " I ask you to charge that it was the duty of the plaintiff at the time and place of accident to have attached to his vehicle lights visible from the front and rear of his vehicle." To this request the court responded: " Yes, I so charge. There is such a provision now, and I think there was

then." Defendant got the exact charge which it requested. It made no suggestion of any modification desired in reference to the remarks of the court to which objection was made, and it is only where the attention of the court is called to a specific error of law by an exception that there is anything presented for review upon an appeal. But upon the merits we see no reason for any serious criticism of the charge as a whole; the law was clearly and concisely stated, and we do not think an intelligent jury would understand the court as having suggested that the jury was to be controlled by its common sense apart from the evidence. The fair construction of the language of the charge as a whole was that the jury must apply its common experience to the evidence; it must judge of the truth by its knowledge of the every-day experiences of the men composing it, and this is obviously a correct view of the province of the jury.

The court having charged as requested above in reference to the duty of the plaintiff to have lights upon his vehicle, counsel for the defendant pushed the matter further and asked the court to charge " that a failure to have a light on the plaintiff's vehicle is *prima facie* evidence of contributory negligence on the part of the plaintiff." To this the court responded: " I so charge. It is not conclusive, however." Counsel persisted: " There is no dispute about a light, and therefore as a corollary I ask you to instruct the jury to render a verdict for the defendant." To this the court responded: " I decline   I charge the jury that the fact that the plaintiff had no light upon his vehicle may be taken into consideration and weighed by the jury in determining whether or not he was negligent, and I will decline to make any other charge on that subject." To this the defendant interposed an exception, and if the statute (Highway Law, § 329a, added by Laws of 1914, chap. 32, as amd. by Laws of 1915, chap. 367)* applies to the facts in this case, then there is no doubt that the court erred in its charge in this respect. (*Martin* v. *Herzog*, 228 N. Y. 164.) The difficulty with the defendant's contention is that the statute has no relation whatever to the kind of a vehicle involved in this accident. The language of the statute is explicit; it is that " every vehicle *on wheels* whether stationary

---

* Since amd. by Laws of 1918, chap. 258.— [REP.

or in motion, while upon any public street, · * * * shall have attached thereto a light or lights to be visible from the front and from the rear," etc. The undisputed evidence in this case is that the plaintiff was driving a horse attached to a sleigh, and this court may take judicial notice that a sleigh is not a vehicle " on wheels." A sleigh is defined by Webster as " a vehicle on runners, used for transporting persons or goods on snow or ice," and courts will take notice of whatever is generally known within the limits of their jurisdiction; and if the judge's memory is at fault he may refresh it by resorting to any means for that purpose which he may deem safe and proper. (*Brown* v. *Piper*, 91 U. S. 37, 42.) We cannot close our eyes to the language of the statute. It does not say that every vehicle shall carry the prescribed lights, but that " every vehicle on wheels " shall be thus equipped, and the express limitation to vehicles on wheels excludes, under well-established rules, any other class of vehicles. (*Aultman & Taylor Co.* v. *Syme*, 163 N. Y. 54, 57.) The defendant has had the advantage of a specific charge to which it was not entitled, that it was the duty of the plaintiff to have had this sleigh equipped with a light, and it clearly has no ground for complaint where the court permitted the jury to take into consideration the admitted fact that no such light was displayed. The provision for lighting all vehicles on wheels grew out of the requirement that automobiles should carry certain lights. (See Highway Law, § 286, subd. 1, added by Laws of 1910, chap. 374, as amd. by Laws of 1917, chap. 785.)* As automobiles are little used on rural highways during the season that sleighs are operated, and sleighs, or the teams drawing them, are usually provided with warning bells, these vehicles do not come within the reasons which produced the statutory provision here under consideration, and it has no bearing upon the merits of the case. The defendant had the advantage of a charge more favorable than it was entitled to, and cannot be heard to complain.

We have examined the other errors alleged to have been committed on the trial, but are persuaded that the court did not err in dealing with the problem presented by the evidence.

---

* Since amd. by Laws of 1918, chap. 540.— [REP.

The plaintiff evidently did not have a very clear idea of time and its measurements; it may be conceded that there are contradictions which if designedly made would warrant the jury in discrediting his testimony, but these are matters peculiarly for the jury, and a careful reading of the testimony justifies the conclusion reached by the jury.

The judgment and order appealed from should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.