ADDIE S. HALE *vs.* BELLE RESNIKOFF ET AL.

First Judicial District, Hartford, October Term, 1920.

WHEELER, C. J., BEACH, CASE, CURTIS and BURPEE, Js.

General Statutes, § 1569, requires every vehicle on a public highway at night to carry a light or lights visible from front and rear for a distance of two hundred feet, except vehicles "designed for and engaged in the transportation of hay, straw or gasoline." *Held* that a cart which was designed for carrying hay but which was not then used for that purpose, did not come within the exception of the statute, although it did contain a small amount of grain and hay for use in feeding, while on their journey, the four oxen which were drawing the cart and two horses which were attached to the rear.

The primary object of such a statute is the protection at night of all travelers on the highway, and the exception is apparently based upon the fire risk involved in carrying a light upon vehicles loaded with hay, straw or gasoline; the exception therefore should be strictly construed.

The trial court erroneously ruled that the cart was not bound to carry a light, and therefore did not pass upon the question whether the absence of a light contributed to the plaintiff's injury in the loss of one of her horses, which was run into from the rear by the defendants' automobile. *Held* that under these circumstances this court could not treat the error as harmless.

Argued October 6th, 1920—decided January 6th, 1921.

ACTION to recover damages for negligently running into and killing a horse which was attached to and following the plaintiff's farm wagon driven by her agent, brought to and tried by the Court of Common Pleas in Hartford County, *Dickenson, J.;* facts found and judgment rendered for the plaintiff for $357, against the defendant Belle Resnikoff, from which she appealed. *Error and new trial ordered.*

On April 2d, 1918, in the night season, plaintiff's servant was driving on the highway, between Milldale and Cheshire, four oxen attached to a two-wheeled cart on the rear of which were tied two horses, all the property of the plaintiff. The cart contained a small amount of grain and hay for use in feeding the six animals on the journey from South Glastonbury to Seymour. This was the ordinary use of the cart. No light was displayed on the cart. Defendant's car, driven by her chauffeur, overtook the plaintiff's team and struck and killed the left of the two led horses. The court concluded that the plaintiff was in the exercise of due care, that the plaintiff's cart was exempted from the statutory requirement of displaying a light, and that the cause of the collision was the negligent failure of the defendant's servant to turn out seasonably to the left, as required, of an overtaking vehicle, by the rule of the road.

*Samuel E. Hoyt,* for the appellant (defendant Belle Resnikoff).

*Henry H. Hunt,* for the appellee (plaintiff).

BEACH, J. Defendant claims that the court erred in concluding that the plaintiff was under no duty to display a light upon her cart and was not guilty of contributory negligence in failing to do so. Section 1569 of the General Statutes provides that "every vehicle on

any public highway or bridge shall have attached to it a light or lights which shall be so displayed as to be visible from the front and rear from one half hour after sunset until one half hour before sunrise. Such light shall be of sufficient illuminating power to be visible at a distance of two hundred feet, but the provisions of this section shall not apply to any vehicle designed for and engaged in the transportation of hay, straw or gasoline." The trial court held that the plaintiff's vehicle was designed for and engaged in the transportation of hay, that the plaintiff was expressly exempted by the statute from any duty to display a light on the cart, and was not guilty of contributory negligence in failing to do so.

We think the finding of facts does not support the conclusion that the plaintiff's vehicle was within the statutory exceptions to the general rule. Her vehicle was no doubt designed for the transportation of hay, but it was not "engaged" in the transportation of hay within the meaning and reason of the statute. The phrase "engaged in the transportation of hay" is elastic. If contained in a statute forbidding such transportation, it would carry a meaning broad enough to prevent the mischief intended to be cured. But the primary object of this statute is to prescribe a rule for the protection of all travelers on the highway, and by way of exception to the general rule it exempts certain vehicles from the duty of showing a light at night, apparently because of the fire risk involved in carrying a light upon vehicles loaded with hay, straw or gasoline. To extend the exemption beyond the only apparent reason for its existence, would defeat, *pro tanto*, the primary purpose of the statute; and the general rule is where a statute consists of an enacting clause and an exception thereto, the exception should be strictly construed. 36 Cyc. 1162.

The finding in this case is that the plaintiff's cart contained "a small amount" of hay intended to feed the oxen which drew it; and having in view the primary purpose of the statute, we must hold that the presence of a small amount of hay intended to be consumed in the course of the journey is not enough to characterize the plaintiff's vehicle as "engaged in the transportation of hay." If the hay is intended to be consumed in supplying the energy necessary to bring the vehicle and the animals accompanying it to their destination, the substantial reason for carrying the hay is not the transportation of the hay itself, but the sustenance of the animals during the journey. If we held otherwise, it would follow that every motor-truck designed for the transportation of gasoline, whether loaded with gasoline or not, was exempted from the obligation of showing lights.

In this connection it may be noted that when this exemption was first introduced into the statute in 1915 (Public Acts of 1915, Chap. 297, § 3) it applied to "any vehicle designed for the transportation of hay or straw, while such vehicle is loaded with such freight." In 1917 the rules of the road were codified (Public Acts of 1917, Chap. 305) and in § 3 the exemption appears in its present form, which, we think, expresses in fewer words the same requirement: that in order to bring any vehicle within the exemption it must be designed for and engaged in the transportation of a load of hay, straw or gasoline.

The trial court did not pass upon the question whether the absence of a light on the plaintiff's cart contributed to the injury. We cannot say that it did not so contribute, and therefore cannot say that the erroneous ruling of the court was harmless.

The other assignments of error are overruled. So far as the findings on that subject go, it appears that at

the time of the injury the defendant's servant was driving the car on her husband's business pursuant to a general authorization from her that the car might be so used.

There is error and a new trial is ordered.

In this opinion the other judges concurred.