BEEBE v. HANNETT.

1. NEGLIGENCE—MOTOR VEHICLE LAW—VIOLATION OF STATUTE NO
BAR TO RECOVERY UNLESS CAUSE OF ACCIDENT.
   In an action for damages to plaintiff's automobile caused
   by a collision with defendant's automobile, where it ap-
   peared that plaintiff had only one light on his car in
   violation of the statute (Comp. Laws Supp. 1922, § 4812),
   said violation *held*, no bar to recovery unless it be found
   to have caused or contributed to cause the accident.

2. SAME—EVIDENCE—QUESTION FOR JURY.
   Whether such causal relation existed between plaintiff's
   said failure and the accident, *held*, under the proofs,
   a question of fact for the jury.

Error to Isabella; Hart (Ray), J.    Submitted June
7, 1923.    (Docket No. 72.)    Decided July 19, 1923.

Case by Clarence Beebe against Thomas Hannett for
damages to plaintiff's automobile.    Judgment for de-
fendant *non obstante veredicto*.    Plaintiff brings
error.    Reversed and remanded.

*F. H. Dusenbury* and *James E. Ryan*, for appellant.
*Dodds & Dodds*, for appellee.

CLARK, J.    Plaintiff was driving his automobile
along a public highway in the evening of August 5,
1922, at an hour when, as provided by Act No. 3, Pub.
Acts 1921, Second Extra Session (Comp. Laws Supp.
1922, § 4812), he was required to have a lighted lamp
mounted on each side of the front of the automobile.
He had but one such lighted lamp, that on the left
side.    He observed defendant's automobile approach-
ing from the opposite direction.    It had the lighted

On neglect to comply with legal requirements as to lights,
as affecting right of operator or owner of automobile to recover
for negligence, see note in 14 A. L. R. 794.

lamps required by statute and in addition a spot light focused on its right side of the road. Plaintiff testified that before meeting defendant's automobile he turned seasonably to the right of the road, and he further testified:

"I got clear over to the right-hand side, farther than the right-hand traveled track, and my left-hand wheel was out of the track. It was then 10 or 12 inches completely outside of the track, and I went along like that about 40 or 50 feet before I was struck. I was clear against the fence that was built along the highway. There is a fill there and the protection fences are on each side of the road, which is 22 feet, 8 inches, from fence to fence."

Plaintiff had corroborating testimony. The automobiles collided. Plaintiff's automobile was damaged. Defendant's driver testified:

"*Q.* Now, Mr. Stewart, you did see that one light coming down there?

"*A.* I did.

"*Q.* And when you saw that light coming down in front of you, you knew that there was some kind of a vehicle coming down towards your direction?

"*A.* Yes, sir.

"*Q.* You did see the light in front of you?

"*A.* I couldn't help it.

"*Q.* And you couldn't tell whether it was a motorcycle or an automobile?

"*A.* No, sir.

"*Q.* You did know when you saw that light that there was some kind of a vehicle coming toward you that would ultimately reach you?

"*A.* I did.

"*Q.* And whether that was an automobile or motorcycle or lumber wagon with a lamp on it, you didn't know?

"*A.* No, I couldn't tell.

"*Q.* But you, when you saw that you knew, whether it was a lumber wagon driven by a farmer with a load, or a motorcycle or an automobile it would meet you and you had to pass it?

"*A.* I figured I was going to pass it, I presume.

"*Q.* Now, Mr. Stewart, why didn't you then turn over to the right seasonably?

"*A.* I did."

He also testified that the light on plaintiff's approaching automobile was blinding, strong, bad, that "I couldn't decide whether he was a half mile away or whether it was a motorcycle," and that he was deceived in the distance. There was testimony from other occupants of defendant's automobile that plaintiff's light was not "very bright," was "reasonably bright." When plaintiff rested, defendant made a motion for a directed verdict on the ground that plaintiff was guilty of contributory negligence as a matter of law in not having two lights as required by the statute. The motion was denied and renewed at the conclusion of proof and decision reserved. Plaintiff had verdict. On motion judgment was ordered and entered for defendant notwithstanding the verdict, the court holding that plaintiff's said failure to obey the statute, as regards lights, was negligence *per se* precluding recovery. Plaintiff brings error.

Before plaintiff's violation of the statute, in failing to have a lighted lamp on the right front of his automobile, can be held to bar recovery, it must be found to have caused or contributed to cause the accident. Whether such causal relation existed between plaintiff's said failure and the accident was, under the proofs, a question of fact for the jury. See *Spencer v. Phillips & Taylor*, 219 Mich. 353; *Martin v. Herzog*, 228 N. Y. 164 (126 N. E. 814, 20 N. C. C. A. 97); *Ireson v. Cunningham*, 90 N. J. Law, 690 (101 Atl. 49); *Kopper v. Bernhardt*, 91 N. J. Law, 697 (103 Atl. 186); *Hardie v. Barrett*, 257 Pa. 42 (101 Atl. 75, L. R. A. 1917F, 444); *Hale v. Resnikoff*, 95 Conn. 603 (111 Atl. 907); *Decou v. Dexheimer* (N. J. Law), 73 Atl. 49; *Vadney v. United Traction Co.*, 193 App.

Div. 329 (183 N. Y. Supp. 926) ; *Hallett* v. *Crowell,* 232 Mass. 344 (122 N. E. 264) ; *Graham* v. *Hagmann,* 270 Ill. 252 (110 N. E. 337).

The court was right in submitting the question to the jury under instructions of which no complaint is made, but he was in error in ordering judgment notwithstanding the verdict.

Reversed, with costs to plaintiff, and remanded with direction to enter judgment on the verdict as rendered.

WIEST, C. J., and FELLOWS, McDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.