## TOWN OF REMINGTON *v.* HESLER.

[No. 16,839. Filed May 8, 1942.]

*Ronald Gillam,* of Remington, and *Charles M. Snyder,* of Fowler, for appellant.

*Fraser & Isham,* of Fowler, and *Charles S. Siferd* and *George W. Kassabaum,* both of Monticello, for appellee.

BLESSING, J.—This is an action brought by appellee to recover for injuries received by her while traveling on one of the streets of appellant city. The complaint was in one paragraph, to which the appellant answered

in general denial. The cause was tried before a jury, resulting in a verdict in favor of appellee in the sum of $4,200, on which judgment was afterwards rendered.

The only error relied upon for reversal is the overruling of appellant's motion for new trial which contained the grounds that the verdict of the jury was not sustained by sufficient evidence and that the court erred in admitting certain evidence.

The complaint alleged that the appellant was a municipal corporation; that it had authorized and permitted a large hole to be dug in the street, which hole extended from the curb-line out into the street for a distance of nine feet; that said hole had been filled with an accumulation of soft dirt and earth; and that no notice or warning was given as to the dangerous character of the hole, nor was any railing or barrier placed around it.

The complaint further alleged that on December 3, 1939, the appellee, without any notice or knowledge of said hole and excavation, was driving an automobile along the street, and that the front of said automobile struck the hole, thereby causing considerable damage to the said automobile and personal injuries to appellee.

The evidence discloses that the marshal of the town of Remington was also the water works superintendent, and that on the first day of December, while holding such positions, he employed two men to dig a hole in the street so that a large water pipe could be substituted for a smaller one. The work of filling the hole was completed on the second day of December, and that evening lights were placed about the excavation and wooden saw horses were also placed there. The next day both the lights and the wooden horses were removed. There was testimony to the effect that there was a heavy rain on the second day of December; that it also rained in the morning on December 3, 1939; and that

the rain settled the dirt which had been piled up in a mound to fill the hole.

On the afternoon of December 3, 1939, appellee, with her employer, took two children to the theatre in a 1935 Chevrolet. As they approached the theatre, appellee, who was driving, saw that there were cars parked on the right side of the street, so she crossed over to the left side of the street to let the children out of the car. Appellee testified that when she began to pull up along the curb on the left side of the street, it looked as though dirt had been thrown out on the pavement, but that it looked level, and there was nothing to show that the place was dangerous. She also testified that the car was only going about five miles an hour when it dropped down into the hole. Appellee's employer, who was in the car, testified that the dirt had settled to a point just below the level of the street, while others testified that the dirt was still piled above the level of the street.

The appellant contends that the evidence wholly fails to show any negligence on the part of said appellant in the maintenance of the street.

In the case of *McQueen* v. *The City of Elkhart* (1895), 14 Ind. App. 671, 677, 43 N. E. 460, this court held that if a street or sidewalk was originally safe, and by the act of the city it was made unsafe, for instance by making excavations therein, or placing obstructions thereon, a liability attaches for injuries received, on account of such changed condition, by one who, while using it, was himself exercising ordinary care. The court further said: "The liability accrues by reason of the city's neglect to exercise skill and care in the performance of the work and not because the plan or grade adopted, or the kind of material used, was not the best or most feasible. If

in making such improvements ordinary care and skill are used to the end that when completed they are reasonably safe, no liability attaches to the city."

It has also been held that wherever railings or barriers are necessary for the safety of travelers, it is negligence in the municipality to fail to construct and maintain them. *City of Vincennes* v. *Spees* (1905), 35 Ind. App. 389, 74 N. E. 277.

Considering the evidence most favorable to appellee, that is, that the hole was filled so as to be practically level with the street, we are of the opinion that the condition of the street itself gave no notice as to the danger involved, and that it cannot be said as a matter of law that the city was not negligent in failing to warn of the danger or in failing to erect a barrier or railing.

Appellant also contends that appellee was contributorily negligent in driving upon the soft dirt. Appellee testified that the street looked level to her or that there had been dirt thrown up on the pavement and then scraped back. There is no evidence that appellee knew that there had been an excavation in that locality. In view of this evidence we think that the jury was justified in finding by its general verdict that the appellee was not contributorily negligent.

Appellant insists that appellee's act of crossing to the left side of the street and parking at the left-hand curb in violation of § 47-2123, Burns' 1940 Replacement, bars her right of recovery. In 5 Am. Jur. 741, § 409, it is stated that while the violation of a statute or ordinance, if proximately causing an injury, may be set up as a defense, the statute or ordinance violated must have been enacted for the benefit of the party who seeks to invoke its violation. This rule was recognized in a recent Indiana case. *Wise* v. *Southern Indiana Gas & Electric Co.* (1941), 109 Ind.

App. 681, 34 N. E. (2d) 975. Section 47-2123, Burns' 1940 Replacement, which provides that vehicles be parked at the right-hand curb, was designed to protect travelers in other vehicles and was not designed to protect municipalities.

Appellant's final contention is that the court erred in permitting a witness called by appellee to answer the following question: "You may state whether ■ or not there is any custom in the town of Remington that existed on the third day of December, 1939, about parking cars to the lefthand side of the main street." The answer was favorable to the appellee.

Conceding this ruling to be erroneous, we do not think it sufficient to work a reversal of this cause. The court by its instruction Number 13 told the jury in effect that if the preponderance of the evidence disclosed that the plaintiff at the time of the accident was driving on the left-hand side of the center of the road under the particular circumstances involved, the plaintiff was guilty of negligence and if such negligence proximately contributed to the accident, the plaintiff was not entitled to recover. It is apparent that under the instruction thus given, the jury arrived at the conclusion that the violation of the statute was not a proximate cause of the accident and injury.

Section 47-2010, Burns' 1940 Replacement, on which the above instruction was founded, provides: "Upon all roadways of sufficient width, a vehicle shall ■ be driven upon the right half of the roadway." (Here follows certain exceptions.) If the plaintiff violated this statute, such violation imposed no greater obligation on her part to anticipate a condition of the street and to avoid any pitfall therein than would have rested upon her had she been driving in the

opposite direction and to the right of the center line of the street.

Finding no reversible error, the judgment of the lower court is hereby affirmed.

NOTE.—Reported in 41 N. E. (2d) 657.