PFIRSCH, APPELLANT, *v.* HALL-OMAR BAKING CO. ET AL.,
APPELLEES.

·(No. 778—Decided May 11, 1966.)

*Mr. Walter L. Hite* and *Messrs. Freeman & Freeman,* for
appellant.
*Messrs. Carpenter & Paffenbarger,* for appellees.

SMITH, P. J. This is an appeal on questions of law from a judgment on a verdict in favor of defendant-appellee Hall-Omar Baking Company. An election by plaintiff-appellant was made at the trial to proceed against the defendant-appellee Hall-Omar Baking Company and not its agent, Roger Kuhn.

The action herein is for personal injuries allegedly sustained by plaintiff, appellant herein, by reason of specified negligence of defendant-appellee. The record reveals that such appellee's bakery truck driven by that appellee's employee, Roger Kuhn, in the daytime, backed out of a private driveway across one lane of traffic of a highway known as State Route 162 and collided with plaintiff's automobile in which she was sitting in the driver's seat and while she was stopped on the highway headed in the right direction and in or about the lane of traffic nearly opposite and across the highway from the private driveway and for the purpose of discharging a passenger at his place of residence; and that said Kuhn did not look and did not observe the automobile of plaintiff in the rear view mirror of his truck.

The trial court correctly analyzed evidence in the case when it stated in its instruction to the jury:

"'* * * The evidence is uncontradicted that the defendant, Hall-Omar Baking Company, by its employee, Roger Kuhn, was negligent as a matter of law by operating its motor vehicle from a private road into the highway without yielding the right-of-way to the motor vehicle operated by the plaintiff, which in the absence of a legal excuse therefor, is negligence as a matter of law. Therefore, defendant's negligence and its causal connection with this accident are removed from your consideration. * * *'"

However, the court submitted to the jury an issue of whether the plaintiff was also negligent so as to directly contribute to the "proximate cause of her injuries and other damages." This was apparently done because the court considered that Section 4511.66, Revised Code, had some bearing or application to the facts in the case at bar. This section reads as follows:

"Upon any highway outside a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled

part of the highway if it is practicable to stop, park, or so leave such vehicle off the paved or main traveled part of said highway. In every event a clear and unobstructed portion of the highway opposite such standing vehicle shall be left for the free passage of other vehicles, and a clear view of such stopped vehicle shall be available from a distance of two hundred feet in each direction upon such highway.

"This section does not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving the disabled vehicle in such position."

The petition contains allegations of fact substantially as recited above and says that the defendant Kuhn, agent of appellee, Hall-Omar Baking Company, operated his motor vehicle without due regard to the condition of traffic at the time and place of the collision by backing into plaintiff's vehicle on the highway without first ascertaining whether he could safely execute such maneuver. During the trial the petition was amended by leave of the court by the insertion of a second allegation of negligence that the defendant bakery operated its motor vehicle from the private driveway into the highway without yielding the right-of-way to the motor vehicle operated by plaintiff. The answer to the petition was a general denial.

We will first consider appellant's assignment of error No. 6 as controlling in the disposition of this appeal. This assignment of error is based on the motion of the plaintiff at the close of the evidence, overruled by the court, for an instruction to the jury as follows:

"I again move the court to instruct the jury that defendant, Hall-Omar Baking Company, is liable by reason of its negligence, which was the proximate cause of the injuries to plaintiff; that the only question for the determination of the jury is to the amount of damage, that is, as to the amount of damage sustained by the plaintiff as result of the collision."

It is argued that plaintiff was negligent by reason of a violation of Section 4511.66, Revised Code, and that such negligence raised an issue of contributory negligence to be submitted to the jury. We are, therefore, confronted with the issue as to whether under the facts and circumstances of this case such

negligence was the proximate cause of injury to plaintiff requiring the submission of the question of contributory negligence to the jury. It is well stated in *Transcontinental Car Forwarding Co.* v. *Sladden*, 49 Ohio App. 53, on page 55, as follows:

"To recover for damage allegedly occasioned by a violation of a statute, it is necessary to prove facts showing that the breach of the statute was the proximate cause of the injury, and likewise, the plaintiff's violation of a statute, to constitute a defense, must be a contributing proximate cause of the injury; and to be the proximate cause, or a contributing proximate cause, the injury must be the ordinary and natural result of the violation of the statute; that is, such a result as is usual, and which therefore might reasonably have been expected. *Beebe* v. *Hannett*, 224 Mich., 88, 194 N. W., 542; *Keevil* v. *Ponsford* (Tex. Civ. App.), 173 S. W., 518; *Hall* v. *Hepp*, 210 App. Div., 149, 205 N. Y. Supp., 474; 4 Ohio Jurisprudence, 'Automobiles,' Sections 16 and 18; 29 Ohio Jurisprudence, 'Negligence,' Sections 40, 63, 64, 67, 68, 90 and 207." See *Bush, Admr.*, v. *Harvey Transfer Co.*, 146 Ohio St. 657.

It was held in *Hartman* v. *Hinton*, 68 Ohio Law Abs. 385, that, while ordinarily the question of causation is one for the jury, where there is no dispute as to the facts the question becomes one of law for the court. See, also, *Mutual Benefit Ins. Co.* v. *Reiss*, 88 Ohio Law Abs. 450, 452; *Guth* v. *Heines*, 29 N. P. (N. S.) 382; *Interstate Motor Freight Co.* v. *Girard*, 29 Ohio App. 101; and *Cain* v. *Georgia Power Co.*, 53 Ga. App. 483, 186 S. E. 229. It is reversible error to charge a jury with respect to contributory negligence where there is no evidence to support that issue. *Ricks* v. *Jackson*, 169 Ohio St. 254; *Cincinnati Traction Co.* v. *Forrest*, 73 Ohio St. 1. In 6 Ohio Jurisprudence 2d 533, it is stated:

"* * * If the damage is not the necessary or ordinary or likely result of such contributory negligence, but is due to some wholly unlooked for and unexpected event, which could not reasonably have been anticipated or regarded as likely to occur, such contributory negligence is too remote to be set up as a bar to the action."

We adopt the reasoning in *Cain* v. *Georgia Power Co., supra*, on page 487 (of 53 Ga. App.) thereof, as follows: "* * * * * * * In the case at bar it was unimportant whether

the defendant's car rested legally or illegally upon the street, since its obstruction to the vision of the crossing pedestrian, or to the driver of a moving car upon the roadway, would, under the testimony, be equally effective. In either event its impotence for harm or damage, as an innocuous, immobile instrumentality, must be manifest, since in both situations it simply presented a patent condition, and not an operating, efficient, or proximate cause, which can be said to contain by its activity, that potentiality for harm or damage, which furnishes the test upon which the rule of liability in this character of tort-feasance is predicated.' * * *"

Furthermore, the language of Section 4511.66, Revised Code, compels the conclusion that the Legislature intended to enact the standard of care as applied to motor vehicles in the usual travel of motor vehicles traversing the highway itself without relation to or in contemplation of a motor vehicle entering the highway by unlawfully backing from a private driveway. Hence, the statute was not designed to control the situation of the parties as existed at the time of the injuries complained of in the case at bar, and the plaintiff could have no knowledge or foresee that defendant bakery's driver would unlawfully back its truck into plaintiff's automobile. Construing Section 4511.66, Revised Code, the duty owed by an operator of a motor vehicle stopped on the highway is confined to motor vehicles travelling in both directions on such highway and there is no duty imposed therein as to a motor vehicle unlawfully entering the highway from a private driveway. The statute was not enacted for the benefit of defendants who seek to invoke its violation. *McCaleb* v. *Reed*, 225 Ala. 564, 144 So. 28; *Satterlee* v. *Orange Glenn School District*, 29 Cal. 2d 581, 177 P. 2d 279; *Town of Remington* v. *Hesler*, 111 Ind. App. 404, 41 N. E. 2d 657; *Newcomb* v. *Boston Protective Department*, 146 Mass. 596, 16 N. E. 555. In *Satterlee* v. *Orange Glenn School District, supra*, it is stated, at page 590, as follows:

"But there is, of course, a further question in connection with the issue of negligence. Although a violation of a statute is not excusable under the particular circumstances of the case, liability is also dependent upon proof that a duty was owed to persons in the class of the plaintiff or the defendant who is relying upon contributory negligence. (*Bateman* v. *Doughnut Corp.*

*of America*, 63 Cal. App. 2d 711 [147 P. 2d 404]; *Figone* v. *Guisti*, 43 Cal. App. 606 [185 P. 694]; *Corbett* v. *Spanos*, 37 Cal. App. 200 [173 P. 769]; see: *Flynn* v. *Bledsoe Co.*, 92 Cal. App. 145 [267 P. 887]; Rest., Torts, Section 286.)''

We conclude, therefore, that assignment of error No. 6 is well taken and that the court should have directed a verdict for plaintiff as to the liability of defendant, Hall-Omar Baking Company, by reason of defendant's negligence which is the legal or proximate cause of the injuries to plaintiff, and that the only question for determination by the jury is the amount of damages, if any, as may be shown as a result of the negligence of said defendant.

Assignment of error No. 1 is not well taken, since the exclusion of the testimony was proper under the hearsay rule.

The other assignments of error pertain to the general charge of the court to the jury, claimed passion and prejudice of the jury, submission of special interrogatories to the jury, weight of the evidence, and that the verdict was contrary to law. Holding as we do on assignment of error No. 6, it is unnecessary to pass on the other assignments of error.

The judgment on the verdict herein is, therefore, reversed and the cause remanded to the Common Pleas Court for a new trial with instructions to direct a verdict in favor of plaintiff as to liability of defendant, Hall-Omar Baking Company, and to submit to the jury for its determination the issue of damages, if any, to plaintiff, which may be shown.

*Judgment reversed.*

Straub and Brown, JJ., concur.