## JACKSON v. RAUCH

1. NEGLIGENCE—DISCOVERED PERIL—CONTRIBUTORY NEGLIGENCE.

   The difference between the theory of negligence and the theory of discovered peril is that in the doctrine of discovered peril it is assumed plaintiff is in some way contributorily negligent, which would ordinarily defeat the action, but despite the contributory negligence, the plaintiff is allowed to recover if defendant's negligence was the proximate cause of the injury.

2. NEGLIGENCE — DISCOVERED PERIL — CONTRIBUTORY NEGLIGENCE — JURY QUESTION.

   Whether the discovered peril doctrine applies to a factual situation where the plaintiff's decedent was negligent in failing to slow down or respond to the siren or lights of defendant's police cruiser as plaintiff and defendant approached an intersection at right angles, and whether this negligence was concurrent with any negligence of the defendant and continued to be a causative factor up to the point of impact, where testimony showed defendant had stopped before proceeding

---

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 38 Am Jur, Negligence § 215 et seq.

into the intersection and thus could have seen whether plaintiff intended to stop *held*, particularly apt for jury determination.

Appeal from Genesee, John W. Baker, J. Submitted Division 2 April 17, 1969, at Lansing. (Docket No. 5,839.) Decided July 31, 1969. Leave to appeal denied April 23, 1970. See 383 Mich 779.

Complaint by Maurice W. Jackson, administrator of the estate of Robert W. Packer, deceased, against John W. Rauch and the Township of Grand Blanc, for injuries sustained when plaintiff's motor bike struck the side of defendant's police car. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Jerome F. O'Rourke,* for plaintiff.

*Walter J. Barkey,* for defendant.

Before: McGREGOR, P. J., and R. B. BURNS and DANHOF, JJ.

R. B. BURNS, J. This case arose out of an accident that occurred at approximately 4:30 p.m. at the intersection of Hill and Fenton roads in Genesee county, in which plaintiff's decedent sustained fatal injuries. Defendant Rauch, a police officer employed by defendant township, responding to a radio call that a motor vehicle had gone over an embankment at Hill and I–75, was proceeding west on Hill road in his police cruiser with siren, flashers and headlights in operation. As defendant approached the intersection, plaintiff's decedent, along with a passenger and a companion motorcyclist, traveling at the maximum legal rate of 45 miles per hour was

approaching the intersection from the north on Fenton road.

Defendant Rauch testified that when he reached the intersection two motor vehicles had stopped at the northerly side of Hill road immediately before the intersection, he slowed down, pulled up to them and stopped before proceeding into the intersection. The other witnesses generally agreed with this testimony but all testified, contrary to defendant's testimony, that the traffic light was red for Hill road traffic, green for Fenton road traffic. Defendant drove into the intersection without seeing the motorcyclists who had continued at 45 miles per hour through the green light into the intersection. Decedent's motorcycle struck the police cruiser on the right side at a point in the intersection on the west side of the center line of Fenton road. (There was testimony to the effect that the police cruiser had "lunged" or "gone quickly" into the intersection.)

Plaintiff sued defendants on the theory of negligence, but during the trial the complaint was amended pursuant to GCR 1963, 118.3 to incorporate the doctrine of discovered peril as an alternative theory. (Discovered peril is also known variously as the last clear chance doctrine, the humanitarian rule, discovered negligence, reckless negligence or gross negligence. See *LaCroix* v. *Grand Trunk Western R. Co.* [1967], 379 Mich 417.) The difference between the two theories is basically that, in the latter, it is assumed plaintiff is in some way contributorily negligent, which would ordinarily defeat the action, but despite this contributory negligence the plaintiff is allowed to recover if defendant's negligence was the proximate cause of the injury. Defense counsel objected then, and does so now on appeal, to the interjection of this theory of liability. However, the cause was sub-

mitted for jury consideration with instructions on both theories and a verdict was returned for plaintiff.

The basis for defendants' argument that the discovered peril doctrine is inapplicable to the present factual situation is their contention that plaintiff's decedent was negligent in failing to slow down or respond to the siren or lights of the police cruiser and this negligence was concurrent with any negligence by defendant and continued up to the point of impact. In other words, it is not possible from the facts to say that defendant's conduct was the proximate cause of the accident. They cite the following quotation from *Shafkind* v. *Kroll* (1962), 367 Mich 42:

"The fact is that the plaintiff rider and the defendant motorist, each blindly, pursued and continued to pursue what men of the sea call 'a collision course.' There was, in such circumstances, no room for jury consideration of the discovered negligence rule."

We note, however, that this paragraph concluded with:

"In sum, there is no proof or fair inference from proof that there was sufficient time and sufficient distance allotted for preventive action by defendant * * * ."

As was stated in *Dunn* v. *City of Detroit* (1957), 349 Mich 228:

"The difficulty is not so much with the rule as with its applicability—as a matter of law—to the facts of the particular case. The question resolves itself into one of determination of proximate cause or causes, and such is usually one of fact for the trier or triers of fact (1 Cooley on Torts (4th ed), § 50, pp 120, 121; Prosser on Torts (2d ed), § 50,

p 281; *Spencer* v. *Phillips & Taylor,* 219 Mich 353;
*Beebe* v. *Hannett,* 224 Mich 88; *Arvo* v. *Delta Hard-
ware Co.,* 231 Mich 488). Determination thereof
by such trier or triers always depends on receipt
of proof tending directly or by proper inference to
show that the defendant did discover, or by the
exercise of ordinary care should have discovered,
that the plaintiff was helpless to avoid the impend-
ing harm, and that such discovery was made or
should have been made in time to avoid such harm
by means at hand. Invariably, the question in-
volves fact elements of time and distance. Where,
as here, allotted time and distance unite in pro-
viding that interval which reasonably calls for com-
prehension and preventive action, the doctrine
rightfully comes into play for jury consideration."

Under the facts of this case it was particularly
apt for the jury to determine whose negligence was
the proximate cause of the accident. There was
evidence from defendant Rauch's own testimony, if
believed by the jury, that he stopped at the inter-
section. Before he left this position of safety, he
had only to look and observe the motorcycles to
determine their speed and if they were attempting
to stop, something he was legally bound and physi-
cally able to do. If he looked, as he stated, it is
reasonable to infer that he failed to see what was
there to be seen. It is also logical to infer that if
decedent did see the cruiser stopped at the inter-
section he could have assumed it would remain
stopped until the motorcycles had gone through the
intersection on the green light. Assuming further
that decedent was negligent, it was a jury question
whether or not this negligence ceased to operate
as an efficient cause of the accident, that is, whether
he was in a position of helpless peril. The facts
were sufficient for the jury to find "there was suffi-

cient time and sufficient distance allotted for pre-
ventive action by defendant." *Shafkind, supra.*

The theory of discovered peril was properly sub-
mitted to the jury.

Affirmed. Costs to plaintiff.

All concurred.