### FAIRLAWN SUP & COAL CO v JONES

Ohio Appeals, 9th Dist, Summit Co

No 1520. Decided Feb 8, 1929

Musser, Kimber & Huffman, Akron, for Fairlawn Co.

Grant, Thomas & Buckingham, Akron, for Jones.

**WASHBURN, PJ.**

Our consideration of the case leads us to the unanimous conclusion that the trial court was in error in its charge in two particulars:

In the first place, **G. C. Secs. 6310-22** and **6310-24**, do not, in our opinion, apply to the situation disclosed by the record.

In the second place, while **G. C. Secs. 6310-28** and **6310-29 do** provide rules of conduct which are applicable to the situation, they do not impose a specific requirement to do or to omit to do a definite act; and a failure to observe the rule of conduct required thereby, does not constitute negligence as a matter of law.

As we view the matter, our conclusion is not only justified but required by the syllabus in the case of **Heidle, et al., v Baldwin, 118 O. S. 375**, a decision which was not announced at the time of the trial of this case in the Common Pleas Court.

In that case the court specifically determined that **G. C. Sec. 6310-31**, which provides that vehicles going on main thoroughfares "shall have the right of way over those going on intersecting thoroughfares," taken in connection with **G. C. 6310-28**, which defines "right of way" as meaning "the right of a vehicle to proceed uninterruptedly in a lawful manner in the direction in which it is moving, in preference to another vehicle approaching from a different direction into its path," does not impose a "specific requirement to do or to omit to do a definite act, but rather a rule of conduct, and the rule of per se negligence is not applicable thereto."

In the case at bar, **G. C. Sec. 6310-29** provides that a vehicle joining the flow of traffic on a road or highway from private property "shall yield the right of way to all other vehicles"—meaning the "right of way" as defined by said **G. C. Sec. 6310-28**; and it seems plain to us that there is no substantial difference between a statute providing that a vehicle on a main thoroughfare shall have the right of way and a statute providing that one going upon a main thoroughfare shall yield the right of way to vehicles on said thoroughfare; and that if the former statute provides merely a rule of conduct, the latter does also.

The driver of the vehicle proceeding from private property onto a main thoroughfare, is not bound, under all circumstances, to yield the right of way to vehicles on the main thoroughfare; of course, if the approaching vehicle on the main highway, traveling at a lawful rate of speed, is so close that a prudent person would not have reasonable ground to believe that he can safely enter the main highway, it would be negligence for him to attempt to do so; but the question of his negligence is not determined as a matter of law by any definite act required of him by statute; that question is to be determined by the jury after taking into consideration all the facts and circumstances, including the fact that if the two vehicles are likely to reach an intersecting point at about the same time, the law gives a preference to the vehicle on the main highway.

The charge of the court, in view of the undisputed evidence that the Supply & Coal Co. did not yield the right of way, was tantamount to a direction to the jury to find that the Supply & Coal Co. was guilty of negligence, and in our opinion was clearly erroneous; and as such error involved the very basis of the action, it was necessarily prejudicial.

Judgment reversed for error in the charge of the court, and the cause remanded to the Court of Common Pleas.

Funk, J, and Pardee, J, concur.