By the Court.
 

 Ruth Spencer brought suit against the Times Square Garage Company for damages on account of personal injuries sustained by her as a result of a collision between a Ford coupe in which she was riding and a Hudson automobile in charge of the defendant, at the time being driven by defendant’s employee, which accident she claimed, resulted from the employee’s negligent operation of the Hudson car. The Hudson automobile had been left by the owner on a vacant lot on the north side of Euclid avenue near defendant’s garage, for the purpose of storage in that garage. The collision occurred when the employee, in taking the Hudson car to defendant’s garage, drove it into Eu-
 
 *78
 
 did avenue from the lot where it had been parked, To reach the garage he was required to turn to his left or east on Euclid avenue. The Ford coupe in which the plaintiff was riding was being driven eastwardly on Euclid avenue.
 

 Upon the trial of the case, the jury returned a verdict for the plaintiff, upon which judgment was rendered, and that judgment was affirmed by the Court of Appeals. The claim was asserted that the driver of the Ford had the right-of-way, and that the defendant’s employee negligently caused the collision by driving out of the vacant lot and into Euclid avenue when the Ford was approaching.
 

 It is urged that the trial court committed error prejudicial to the defendant by instructing the jury that the failure of the employee of the defendant, the driver of the Hudson automobile, to yield the right-of-way to the Ford coupe, was negligence as a matter of law. The record discloses that before argument the court gave to the jury several instructions requested by counsel for the plaintiff, among them being the following:
 

 “1. Members of the jury, I charge you that General Code Section 6310-29 reads as follows:
 
 ‘A
 
 vehicle joining the flow of traffic on a road or highway from a standing position, an alley, a building, or private property shall yield the right-of-way to all other vehicles’.”
 

 “3. Members of the jury, I charge you that General Code Section 6310-28 reads as follows: ‘ Right-of-Way means the right of a vehicle to proceed uninterruptedly in a lawful manner in the direction in which it is moving in preference to another vehicle approaching from a different direction into its path.’ ”
 

 
 *79
 
 In the general eharge the court directed attention to the instructions given before argument, and directed the jury to take those requests that were given before argument in connection with the general charge, and be guided by the charge as a whole. Referring specifically to said statutory provisions, the court instructed the jury as follows:
 

 “Now, the defendant is charged by plaintiff with having violated the laws of the state in the manner to which your attention has been called, and the driver of the Ford car has been charged by the defendant with having violated the laws of the state in the manner in which your attention has been called, and I say to you, as a matter of law, that a violation of the state laws constitutes negligence in and of itself, and if you find that the defendant violated state laws in one or more of the particulars to which your attention has been called, and of which plaintiff complains, then I say to you that you would be justified in finding that the defendant was guilty of negligence, but I say to you further that the mere finding that the defendant was guilty of negligence in having violated the state laws, in one or more of the particulars complained of, would not necessarily entitle the plaintiff to recover, but before such negligence, if found by you, would entitle the plaintiff to recover, you must find it to have been the proximate cause of the accident and the injuries, and plaintiff herself must have been free from negligence whieh contributed to produce or cause the injuries complained of.”
 

 This was an instruction that the violation of the regulatory provisions of the so-called right-of-way statute was negligence
 
 per se,
 
 which is directly con
 
 *80
 
 trary to the ruling of this court as set forth in the syllabus of the case of
 
 Heidle
 
 v.
 
 Baldwin,
 
 118 Ohio St., 375, 161 N. E., 44, 58 A. L. R., 1186, announced subsequently to the trial of this case.
 

 Judgment reversed.
 

 Marshall, C. J., Kinkade, Robinson, Matthias and Allen, JJ., concur.
 

 Day and Jones, JJ., dissent.