Marshall, C. J.
 

 This case comes to this court on error from the Court of Appeals of Hamilton county, Ohio. It originated in the court of common pleas of that county as a personal injury case1 growing out of an automobile collision, which occurred on Harrison avenue near the point where Kling avenue intersects. Kling avenue enters Harrison avenue from the east, but does not cross the same. Adolph P. Kling, plaintiff below, was driving a Paige coupe on Kling avenue toward Harrison ave
 
 *363
 
 míe and made a left turn into Harrison avenue toward the southeast. A truck belonging to the candy company and driven by its agent came into collision with the coupe at a- point about 50 or 60 feet southeast of the point where the southerly line of Kling avenue, if produced, would meet the west curb of Harrison avenue. Kling, having suffered damages, brought suit against the candy company. The evidence is in conflict as to the exact cause of the collision. Harrison avenue is a main thoroughfare, and, as the coupe entered Harrison avenue, the truck was approaching from the right.
 

 The plaintiff charged that the driver of the truck was negligent in wrongfully attempting to pass plaintiff’s coupe on its right side instead of on its left, and in failing to have the truck under proper and reasonable control in passing said street intersection, and in failing to check the speed of the said truck or to keep proper lookout for the automobile of plaintiff.
 

 The candy company answered that the collision was caused solely by the negligence of plaintiff in driving at a high rate of speed, and further justified the attempt to pass the coupe on the right on the alleged ground that the truck was approaching from the right of the coupe, and therefore had the right of way. The candy company pleaded an ordinance of the city of Cincinnati which provides that ‘ ‘ every driver or operator of a vehicle approaching the intersection of a street shall grant the right of way at such intersection to any vehicle approaching from his right,” etc. Defendant also invoked Section 6310-28a, General Code, as follows:
 

 “Excepting where otherwise hereinafter provided
 
 *364
 
 the operator of a vehicle shall yield the right of way at the intersection of its path and the path of another vehicle to the vehicle approaching from the right.”
 

 After both parties had rested, and before the arguments, defendant requested the court to charge the jury, and the court in fact charged:
 

 “If the jury find that both plaintiff and defendant were operating their motor vehicles at the same time on Harrison avenue, and if they should also find that the path of the automobile operated by plaintiff intersected the path of defendant’s truck, approaching from the right, then it was the duty of the plaintiff to yield the right of way to defendant’s truck at the intersection of the path of plaintiff’s automobile with the path of defendant’s truck, and if plaintiff failed so to do, and such failure contributed in any degree to the damages and injuries of which plaintiff complains, then your verdict must be for the defendant as to such damages and injuries.”
 

 The verdict was for the defendant. Plaintiff prosecuted error to the Court of Appeals, and the Court of Appeals reversed the judgment and remanded for new trial on the sole ground that the aforesaid instruction was erroneous.
 

 The instruction virtually stated that the machine approaching from the right had an absolute and unlimited right of way, and interpreted the statute as conferring an inflexible privilege. It must be admitted that the instruction was practically in the language of the statute. The vice of that instruction is that, while it correctly defined the duty of the driver of the coupe, it failed to take into con
 
 *365
 
 sideration the duty imposed by the common law upon the driver of the truck. The statute is not materially different from Section 6310-31, General Code, relating to the relative rights and duties of vehicles crossing intersecting thoroughfares. That section reads as follows:
 

 “Vehicles and street cars going on main thoroughfares shall have the right of way over those going on intersecting thoroughfares.”
 

 Section 6310-28a, General Code, requires the operator of a vehicle to yield the right of way to another vehicle approaching from the right. In Section 6310-31 it is merely stated that the vehicle on the main thoroughfare shall have the right of way. Manifestly there can be no difference between giving a right of way and requiring the other party to yield the right of way to him. The same rule of interpretation must therefore apply to both sections. In
 
 Heidle
 
 v.
 
 Baldivin,
 
 118 Ohio St., 375, 161 N. E., 44, 58 A. L. R., 1186, this court interpreted Section 6310-31, and declared that the driver having the right of way must proceed in a lawful manner, and that he owes to the driver upon the intersecting highway the duty to exercise ordinary care.
 

 While no two cases are alike, and a definite rule cannot be declared to define the duty of the driver having the right of way, and instructions to the jury must therefore depend upon the peculiar facts and circumstances of each case, the rule was declared in that case that the right of way referred to in the statute is not an absolute or inflexible or unqualified right, but, on the other hand, that it established precedence only when rights might otherwise be evenly balanced.
 

 Heidle
 
 v.
 
 Baldwin
 
 has been several times under discussion at the bar of this court since the date
 
 *366
 
 of its rendition, and it has been argued that this court may not declare a rule to be flexible which the Legislature has declared in inflexible terms. Statutes which declare a rule of conduct should be interpreted in the light of the existing evil and the remedy sought. Both these statutes, giving to certain drivers the right of way, should be so construed as to require the drivers having that right to exercise it in a reasonable manner. We are not without very respectable precedent in so declaring. The Sherman Anti-Trust Act (Title 15, Section 1,
 
 et seq.,
 
 U. S. Code) declares that -any combination of capital to create or carry out restrictions in trade or commerce is unlawful, and any contract or agreement in violation thereof is void. The language of the Sherman Anti-Trust Act is unequivocal, unambiguous, and unconditional, and yet has been construed as only forbidding an unreasonable restraint of trade or commerce. The Valentine AntiTrust Law of Ohio (Section 6391
 
 et seq.,
 
 General Code) is couched in language almost identical with that of the Sherman Anti-Trust Act, and it has been construed by this court as declaring a rule of reason.
 

 The instruction given by the court in the instant case does not contain all the vices of the instruction in
 
 Heidle
 
 v.
 
 Baldwin,
 
 and yet the majority of this court, adhering to the declarations in
 
 Heidle
 
 v.
 
 Baldwin,
 
 are of the opinion that the court of common pleas in the instant case has violated the rule, and that, in reversing the judgment, the Court of Appeals did not err.
 

 Judgment affirmed.
 

 Kinkade, Robinson, Matthias and Allen, JJ., concur.