## BLOOMGREN v MORRIS

Ohio Appeals, 1st Dist, Butler Co

Decided Dec 5, 1932

Andrews, Andrews & Rogers, Hamilton, for plaintiff in error.

Harry S. Wonnell, Hamilton, for defendant in error.

HAMILTON, J.

The specifications of error are: The judgment is against the weight of the evidence and excessive; error in the special charge given at the request of plaintiff; and error in the general charge.

We have examined the record and find the judgment is not against the weight of the evidence; nor is it excessive.

The special charge complained of, given at the request of plaintiff, is charge No. 7, which reads as follows:

"The operator of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection. When two vehicles enter the intersection at the same time, the operator of the vehicle on the left shall yield the right to the vehicle on the right."

In this connection it may be well to state the error complained of in the general charge, which is:

"The court has said to you in a special charge that the operator of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection, and that when two vehicles enter the intersection at the same time the operator of the vehicle, on the left side, shall yield the right to the vehicle on the right.

"So the court says that if plaintiff reached the intersection of Rhea Avenue and Eaton Avenue at the same time, or before defendant reached said intersection, then it was the duty of the defendant to yield the right of way to the plaintiff, and if he failed so to do he would be negligent. On the other hand if you find that the defendant reached said intersection before plaintiff reached said intersection, then there would be no duty imposed upon defendant to yield

the right of way to plaintiff solely because of that fact."

The special charge quoted and the quotation from the general charge are in conflict with the decision of the Supreme Court in the cases of **Heidle v Baldwin** and **Cleveland Ry. Co. v Presti, 118 Oh St, 375, 161 NE, 44, 58 A.L.R., 1186**, and also with the decision in **George Ast Candy Co. v Kling, 121 Oh St, 362, 169 NE, 292.**

In Heidle v Baldwin the sixth paragraph of the syllabus holds: "It is error to instruct the jury in general terms that the law gives the right of way to the driver of the vehicle upon the main thoroughfare without stating the conditions and limitations upon that right."

It may be observed that the conditions and limitations are that the driver from the right should proceed in a lawful manner. Neither the special charge nor the portion of the general charge complained of placed any limitation or condition, but stated flatly that, if they arrived at the intersection at the same time, or plaintiff arrived first, the defendant should yield the right of way.

If the case were here on first impression, we would be inclined to hold, as pronounced in the dissenting opinion of Judge Jones, concurred in by Judge Day, in the case of George Ast Candy Co. v Kling, supra, that §§6310-28 and 6310-28a, GC are cognate sections. §6310-28 GC defines the right of way, stating, "The right of a vehicle to proceed uninterruptedly in a lawful manner in the direction in which it is moving in preference to another vehicle approaching from a different direction into its path." This being the definition of right of way, it would seem that it might be considered that the court in charging the jury and using the term "right of way" would mean the term as defined by the statute, and, in the absence of any request to specially charge the statute the omission would not be fatal. However that may be, the majority of the court in both the Heidle v Baldwin and George Ast Candy Company v Kling cases held flatly that the giving of such charge was reversible error, and these decisions are binding on this and the trial court.

The giving of special charge No. 7 and the error in the general charge on the question of right of way require a reversal of the judgment. We find no other error in the record.

Judgment reversed, and cause remanded for further proceedings according to law.

ROSS, PJ, and CUSHING, J, concur.