## CORROTO v STATE

Ohio Appeals, 7th Dist, Mahoning Co

Dominic Rendinell, Youngstown, and Kedgwin Powell, Youngstown, for plaintiff in error.

Henry Church, Assistant Prosecuting Attorney, Youngstown, for defendant in error.

**OPINION**

By LYNCH, J.

Numerous grounds for the reversal of the judgment of the trial court were urged in oral argument and the written briefs. We have read the entire record in this case, and examined all of the alleged errors, but by reason of the conclusion we have reached it is unnecessary for us to discuss all of them.

It is claimed there was error on the part of the trial court early in the trial in dismissing the jury and almost immediately thereafter withdrawing such order of dismissal. In our judgment there was no reversible error on the part of the court in so doing. The court, in our judgment, in its discretion had the power to change its order of dismissal, under the facts disclosed by the record. It could not be successfully claimed under the facts disclosed by the record that plaintiff had been once put in jeopardy upon the discharging of the jury. If some change had been made in the personnel of the jury and a new or second oath had been administered to it, other considerations would arise on the question of jeopardy.

It is claimed there is error in the charge of the court as to the definition given by it to the jury of the term "proximate cause."

We find under the facts of this case, as disclosed by the record, that there was no prejudicial error by reason of the definition given of the term "proximate cause" by the trial court.

It is clear from the record that the collision was the sole, proximate cause of the death of said William McNutt, and if his death was caused by plaintiff's violation of any one or more of the provisions of our General Code specified in the indictment, he would be guilty of the crime charged. As shown by the record, page 164, the trial court instructed the jury as follows:

"Now the violations of the statutes of the state upon which this prosecution is based in addition to that prescribing the crime of manslaughter are these sections of the statute which I will now read to you, which were enacted for the protection of life and limb on the public highway. §12628-1 GC: Whoever operates a motor vehicle of any kind upon any public highway or street while under the influence of alcohol, narcotics or opiates upon conviction thereof shall be punished. §12614-3 GC: It shall be the duty of every person who operates, drives or has upon any public street, avenue, highway or bridge a vehicle on wheels, during the time from one hour after sunset to one hour before sunrise, to have attached thereto a light or lights, the rays of which shall be visible at least two hundred feet from the front and two hundred feet from the rear. Provided, however, that this section shall not apply to a vehicle designed principally for the transportation of hay or straw. A person violating the provisions of this section shall be punished. §6310-29 GC: A vehicle joining the flow of traffic on a road or highway from a standing position, an alley, a building, or private property shall yield the right of way to all other vehicles. There is another statute which defines right of way, and I will read that for your information. §6310-28 GC: 'Right of way' means the right of a vehicle to proceed uninterruptedly in a lawful manner in the direction in which it is moving in preference to another vehicle approaching from a different direction into its path.

The claim of the state in this case is that the death of William McNutt was due to the alleged violation by the defendant of these statutes which I have just read to you,—the one relating to the driving of a motor vehicle upon a public highway while under the influence of alcohol, the one relating to having upon a public highway a vehicle in the period of night season

without having lights visible a certain distance therefrom on it, and the one relating to the joining of traffic on a public highway from private property without yielding the right of way to all other vehicles, and the claim of the state is that the violation by the defendant of these statutes was the proximate cause of the death of the decedent, William McNutt. The defendant denies all these claims, denies the violation of these statutes and denies any such violation was a proximate cause of the death of decedent and places in issue the detailed claim of the state by the plea of not guilty."

And also at page 166 of the record, as follows:

"Directing, now, your attention to the simple issue of fact that you are to determine in this case: did the defendant violate one or more of the statutes applicable and read to you? Is it shown from the evidence beyond a reasonable doubt? Was such violation a contributing proximate cause of the injury and death of the decedent as proximate cause has been defined to you? Has that been shown beyond a reasonable doubt? Did this occur in Mahoning County on or about the date alleged? If you answer 'yes' to these questions, from the evidence, beyond a reasonable doubt, your duty would simply be to return a verdict of guilty. If you do not so find, you would return a verdict of not guilty."

In other words, the court instructed the jury that if it found from the evidence, beyond a reasonable doubt, that plaintiff was operating his automobile in violation of §6310-29 GC, and that such violation was a proximate cause of the death of William McNutt, a verdict of guilty should be returned against the plaintiff.

In the charge the Court instructed the jury as to what was necessary to constitute a violation of said §6310-29 GC. At this point, in the interest of clearness, we quote said §6310-29 GC, as follows:

"A vehicle joining the flow of traffic on a road or highway from a standing position, an alley, a building or private property, shall yield the right of way to all other vehicles."

Under the instructions, so far as said section is concerned, the court said to the jury that if plaintiff, as he did, approached said highway from a standing position on private property, it was his absolute duty

to yield the right of way to the decedent, William McNutt. In our judgment this is not the proper construction of said section, nor the construction given to it by the courts of this state.

We call attention to the case of **Heidle ct v Baldwin, 118 Oh St, 375.** This case did not directly involve a construction of said §6310-29 GC, but in our judgment by analogy announces the rule that applies in construing the same. We quote the first and fourth paragraphs of the syllabus in that case, reading as follows:

"1. Right of way, as defined by §6310-28, GC, and read in conjunction with §§6310-30 and 6310-31, GC, granting a vehicle on a main thoroughfare the right to proceed uninterruptedly in the direction in which it is moving, gives a preference to the vehicle on such main thoroughfare, but does not diminish the duty of the driver of such vehicle to proceed in a lawful manner, nor justify him disregarding another vehicle upon an intersecting thoroughfare.

4. The duty imposed by the statute upon the driver of a vehicle on the intersecting highway is not a specific requirement to do or to omit to do a definite act, but **rather a rule of conduct and the rule of per se negligence is not** applicable thereto."

We call special attention to the fact that in said fourth paragraph of the syllabus our Supreme Court announced that under §§6310-28, 6310-30 and 6310-31, GC, the duty imposed upon the driver of a vehicle on an intersecting highway is not a specific requirement to do or to omit to do a definite act or thing, but rather **a rule of conduct,** and that the rule of per se negligence announced by the same court in the case of **Schell v DuBois, Admr., 94 Oh St, 93,** does not apply in the construction of the statutes involved.

We quote from the opinion by Marshall, CJ, page 387, as follows:

"If, after observing the position of the other vehicle, he proceeds in an unlawful manner, he would not be entitled to recover, even though the other driver were also at fault. The driver on main thoroughfares has the right of way. This is **not an absolute or inflexible or unqualified right.** The right of way establishes precedence only when rights might otherwise be evenly balanced. It is the duty of the driver on the main thoroughfare to observe all applicable laws and ordinances regulating speed, and if he is driving at an excessive and unlawful rate of speed, so that

the other could not reasonably estimate the speed or make reasonable calculations of the time of his arrival at the intersection, or, if such driver on the main thoroughfare is so far distant from the crossing that a reasonably prudent driver on the intersecting highway might reasonably expect to cross in safety, the 'right of way' would not change the rule of liability. The relative distance of the two vehicles from the intersection at the first opportunity of each to observe the approach of the other, and the relative speed of each within lawful limits, are elements which the triers of the facts must consider in their estimate of conduct. The driver on the intersecting highway is not obliged to wait until no other car is in sight. On the highway, **outside of municipalities** and in municipalities having no ordinance requiring it, he is not obliged to stop, and, even when required to stop, may start when it is reasonably safe to do so. The statute above quoted, defining 'right of way', applies only when the vehicle claiming the right of way is continuing in the same direction through the intersection. And the driver of such vehicle can only proceed uninterruptedly when there is no other vehicle crossing the highway under circumstances which give to such other vehicle equal or superior rights upon the highways."

Said §6310-29 GC was directly involved and construed by the Court of Appeals of Summit County in the case of **Fairlawn Supply & Coal Company v Jones, 30 Oh Ap, 497 (7 Abs 168).** The facts in that case are exactly similar to those in the instant case, in that the defendant in the trial court drove its truck from a private right of way on the north side of the highway, which was a main thoroughfare, and in the path of the automobile of the plaintiff, resulting in a collision. It is to be observed that the Jones case, supra, was a civil action in which the plaintiff was seeking to recover damages resulting from the collision. The syllabus in that case reads as follows:

"1. It is error for a trial court to charge that the failure of the driver of an automobile to 'yield the right of way to all other vehicles', as required by §6310-29, GC, constitutes negligence as a matter of law.

2. When, **outside of a municipality,** one drives an automobile from **private property** onto a main thoroughfare, and joins, the flow of traffic thereon, the statutory duty of the driver of such vehicle as to traffic

on the main highway approaching on the left of such driver is prescribed by §6310-29 GC, and not by §§6310-22 and 6310-24, GC."

It is stated on page 499 of the opinion in the Jones case, supra, that the trial court instructed the jury that if the defendant did not yield the right of way to the plaintiff, it was guilty of negligence as a matter of law; that is to say, negligence per se, and the court further observed, on the same page, that such instruction to the jury leads it to the unanimous conclusion that the trial court was in error in so doing. We quote verbatim the following from the opinion of the court, commencing on page 499 and ending on page 501:

"As we view the matter, our conclusion is not only justified, but required, by the syllabus in the case of **Heidle v Baldwin, 118 Oh St, 375;** 161 NE, 44, a decision which was not announced at the time of the trial of this case in the Common Pleas Court.

In that case the court specifically determined that §6310-31 GC, which provides that vehicles going on main thoroughfares 'shall have the right of way over those going on intersecting thoroughfares', taken in connection with §6310-28 GC, which defines 'right of way' as meaning 'the right of a vehicle to proceed uninterruptedly in a lawful manner in the direction in which it is moving in preference to another vehicle approaching from a different direction into its path', does not impose a 'specific requirement to do or omit to do a definite act, but rather a **rule of conduct,** and the rule of **per se negligence** is not applicable thereto'.

In the case at bar, §6310-29 GC provides that a vehicle joining the flow of traffic on a road or highway from private property 'shall yield the right of way to all other vehicles', meaning the 'right of way' as defined by §6310-28 GC, and it seems plain to us that there is no substantial difference between a statute providing that a vehicle on a main thoroughfare shall have the right of way and a statute providing that one going upon a main thoroughfare shall yield the right of way to vehicles on said thoroughfare, and that, if the former statute provides merely a **rule of conduct, the latter does also.**

The driver of the vehicle proceeding from **private property** onto a main thoroughfare is not bound, **under all circumstances,** to yield the right of way to vehicles on the main thoroughfare; of course, if the approaching vehicle on the main highway,

traveling at a lawful rate of speed, is so close that a prudent person would not have reasonable ground to believe that he can safely enter the main highway, it would be negligence for him to attempt to do so; **but the question of his negligence is not determined as a matter of law by any definite act required of him by statute.** That question is to be determined by the jury, after taking into consideration all **the facts and circumstances,** including the fact that if the two vehicles are likely to reach an intersecting point at about the same time the law gives a preference to the vehicle on the main highway.

The charge of the court, in view of the undisputed evidence that the Supply & Coal Company did not yield the right of way, was tantamount to a direction to the jury to find that the Supply & Coal Company was guilty of negligence, which, in our opinion, was clearly erroneous, and, as such error involved the very basis of the action, it was necessarily prejudicial."

We concur in the conclusion of the Court of Appeals in the Jones case, supra, to the effect that it is not the absolute duty of the driver of a vehicle entering the flow of traffic on a highway from private property, in all cases and under all circumstances to yield the right of way to other vehicles thereon. In our opinion, the proper and pertinent instruction which the trial court ought to have given to the jury, insofar as said §6310-29 GC is concerned, is that if it found beyond a reasonable doubt that a prudent person; that, is to say, one exercising ordinary care, under the evidence, facts and circumstances of this case, would not have reasonable ground to believe that he could safely enter the highway here involved, then and in that event it would be a violation of said section for him to do so, and would be unlawful, and further, the jury should have been instructed that the question as to whether plaintiff was guilty of an unlawful act in entering said highway under said section, is not determined as a matter of law by any definite requirement thereof. And further, the question thus arising is to be determined by the jury after taking into consideration all the facts and circumstances existing and to be observed at the time.

The Jones case, supra, was also a civil one. It clearly holds, and we believe properly so, that it is not negligence per se to fail to yield the right of way to all other vehicles at all times and under all circumstances, under said §6310-29 GC. If it is not negligence per se under all circum-

stances and at all times in a civil action to fail to yield the right of way under said section, it can be stated with more force in a criminal case that one is not guilty of the commission of an unlawful act in all cases, under all circumstances and at all times, if he should fail to yield the right of way to all other vehicles.

In our judgment, the instructions given by the trial court with respect to said §6310-29 GC were erroneous and prejudicial, requiring a reversal.

We find no prejudicial error in the record so far as the admission and rejection of evidence is concerned. We do not consider it necessary, inasmuch as the case will be remanded to the trial court, to determine the question as to whether the judgment is manifestly against the weight of the evidence, and, therefore, contrary to law.

For the reasons stated, the judgment of the Common Pleas Court is reversed and this cause is remanded to said court for such further proceedings as are authorized by law, exceptions noted.

Judgment reversed.

ROBERTS and SMITH, JJ, concur in the judgment.