Williams, J.,
 

 dissenting. The majority' opinion states that a violation of Section 6310-21, General Code, constitutes negligence
 
 per se.
 
 In other words it is asserted that the classification recognized in the decisions of this state is not applicable to this section. To be specific, such penal statutes are divided into two general classes: First, those which make penal the doing or refraining from doing a definite act, and, second, those which make penal the failure to observe a general rule of conduct. A violation of the former class of statutes constitutes negligence
 
 per se,
 
 and a violation of the latter negligence in the sense of want of ordinary care. It would seem that a failure to recognize this distinction would be bound to lead to confusion.
 

 The pronouncement of law which clarified this distinction was first made in
 
 Heidle
 
 v.
 
 Baldwin,
 
 118 Ohio St., 375, 161 N. E., 44, 58 A. L. R., 1186, and was in
 
 *416
 
 that case carried into the syllabus, which, under the rule in this jurisdiction, shows it to have had the unstinted approval of the judges who concurred generally. Further support was accorded to it in later opinions.
 
 Times Square Garage Co.
 
 v.
 
 Spencer,
 
 121 Ohio St., 77, 79, 166 N. E., 901;
 
 George Ast Candy Co.
 
 v.
 
 Kling,
 
 121 Ohio St., 362, 169 N. E., 292;
 
 Jones
 
 v.
 
 Harman,
 
 122 Ohio St., 420, 422, 172 N. E., 151. It is true that
 
 Heidle
 
 v.
 
 Baldwin
 
 and
 
 George Ast Candy Co.
 
 v.
 
 Kling, supra,
 
 were overruled in
 
 Morris
 
 v.
 
 Bloomgren,
 
 127 Ohio St., 147, 187 N. E., 2, 89 A. L. R., 831, but there was no express repudiation of the particular rule under discussion.
 

 Although the distinction referred to was not made clear until the declaration in
 
 Heidle
 
 v.
 
 Baldwin, supra,
 
 it arose in a sense in
 
 State
 
 v.
 
 Schaeffer,
 
 96 Ohio St., 215, 117 N. E., 220, L. R. A., 1918B, 945, Ann. Cas., 1918E, 1137. The rule of negligence
 
 per se
 
 is explained in the case of
 
 Schell
 
 v.
 
 DuBois, Admr.,
 
 94 Ohio St., 93, 113 N. E., 664, L. R. A., 1917A, 710. In that case the defendant was charged with negligence in violating Section 12604, General Code, which made it unlawful to operate an automobile at a greater speed than eight miles an hour in the business and closely built-up portions of a municipality and in violating an ordinance of the municipality which made it unlawful to drive an automobile past a standing street car which is receiving or discharging passengers. It will be observed that both the statute and the ordinance forbade the doing of a definite act. When, at a later date,
 
 State
 
 v.
 
 Schaeffer, supra,
 
 came before the court, the court had under consideration Section 12603, General Code, which made it unlawful to operate a motor vehicle “on the public roads or highways at a speed greater than is reasonable or proper * * * or so as to endanger the property, life or limb of any person”. While no reference is made in the opinion to negligence
 
 per se,
 
 the ease does lay down the prin
 
 *417
 
 ciple that the statute required only the exercise of ordinary care. If we read
 
 Schell
 
 v.
 
 DuBois, Admr.,
 
 and
 
 State
 
 v.
 
 Schaeffer
 
 together we have the foundation for the rule as to negligence
 
 per se
 
 as expounded in
 
 Heidle
 
 v.
 
 Baldwin.
 
 In the case of
 
 Skinner
 
 v.
 
 Pennsylvania Rd. Co., 127
 
 Ohio St., 69, 186 N. E., 722, the problem is discussed to some extent. This case, however, came under consideration in
 
 Souder
 
 v.
 
 Hassenfeldt, Admx.,
 
 48 Ohio App., 377, 194
 
 N.
 
 E., 47. As the opinion in the latter case fully expresses the writer’s views in this connection, to pursue the inquiry further here would be a work of supererogation. Lastly,’ it is to be borne in mind that there are many statutes penal in nature and regulatory of conduct in the use of public roads and highways that impose no duty but ordinary care.
 
 State
 
 v.
 
 Schaeffer, supra,
 
 affords perhaps the best illustration. For a trial judge to read to the jury such a statute and merely state that violation thereof constitutes negligence in and of itself means nothing without an explanation of the rule as to ordinary care in connection therewith and as applicable thereto. Thus would the jury be given a task incapable of intelligent performance.
 

 The charge in the instant case involved Section 6310-21, General Code, which provides: “Before backing, drivers of vehicles shall give ample warning, and while backing vigilance shall be exercised not to injure those behind.” This section may be violated in three different ways: (1) By failing to give any warning before backing, (2) by failing to make the warning given before backing, ample, and (3) by failing, while backing, to exercise vigilance not to injure those behind. A failure to give any warning at all would constitute negligence
 
 per se,
 
 but ample warning would be such warning as ordinary care requires. As to the use of vigilance in backing, the exercise of ordinary care in making the backward movement would satisfy the requirements of the statute.
 

 
 *418
 
 With reference to Section 12603-1, General Code, the trial judge said in the charge: “It [Section 12603-1] provides that it shall be unlawful for anyone to operate a motor vehicle upon the streets or highways of this State without due regard for the safety and rights of pedestrians or other persons lawfully using the same.” Due regard for the safety and rights of others would require only the exercise of ordinary care.
 

 In the judgment of the writer, the charge was misleading and prejudicial in that it confused the law of negligence in failing to distinguish properly between negligence
 
 per se
 
 and negligence in the sense of want of ordinary care.