SIDLE *v.* BAKER.

(Decided February 13, 1936.)

*Messrs. Troutman & Taggart,* for plaintiff in error. *Mr. Wilbur E. Benoy* and *Mr. Daniel C. Funk,* for defendant in error.

STEVENS, J.  Between the hours of 6 and 6:30, p. m.,

on the evening of December 10, 1933, at which time darkness had fallen, defendant, Baker, was driving his automobile in a southerly direction on Ohio Route 226, between Wooster and Shreve, Ohio. The improved portion of the road was macadam, of a width of 16 or 18 feet.

At a point 70 to 75 feet south of the summit of Ports Hill, falling snow and sleet so obscured defendant's vision through the windshield of his automobile that he stopped upon the pavement to clean said windshield. The evidence of plaintiff tends strongly to establish that the right wheels of defendant's car were three or more feet east of the westerly curb of said pavement, and the left wheels on or slightly east of the center line of the traveled portion of said highway.

The topography at the place of defendant's stopping was an incline from the north to the summit of Ports Hill, and a decline to the south from the said summit, the grade of the decline being less than that of the incline to the north of the summit.

It is claimed by plaintiff that defendant's car was not visible to one approaching from the north until the summit of said hill had been crossed.

While defendant's car was so parked, an automobile driven by one Franks in a southerly direction, that being the same direction as that in which defendant was traveling, crossed the summit of said hill, and the driver thereof, perceiving defendant's car parked as aforesaid, and observing another vehicle approaching from the south, applied his brakes and veered to the right, or west, bringing his car to a stop upon the dirt berm of said highway at a point to the right of and virtually parallel with defendant's car, but slightly to the rear thereof.

At that time plaintiff approached from the north, driving at a speed of approximately 25 miles an hour,

and, observing defendant's car upon the highway, Frank's car to the right rear thereof upon the berm, and another car approaching from the south upon the easterly side of said thoroughfare, plaintiff immediately applied his brakes, and veered to the right onto the dirt berm of said highway. Because of the soft mud at that point on the berm, plaintiff's car was precipitated into the ditch and overturned, with resulting damage to the automobile and injuries to plaintiff.

The evidence at the conclusion of the presentation of plaintiff's case having disclosed that situation, defendant addressed to the court a motion for a directed verdict in his favor, assigning, as his reason therefor, the claim that plaintiff's evidence showed him to have been guilty of negligence proximately contributing to his own injury and damage, "in that he did not drive his car so that it could be stopped within the assured clear distance ahead."

The trial court sustained said motion of defendant and directed the jury to return a verdict for defendant, which was done, over the objection and exception of plaintiff. Judgment being thereafter entered upon the verdict so returned, error is prosecuted to this court to reverse said judgment.

Two possible questions are presented: 1. Did the trial court err in determining as a matter of law that defendant was not guilty of negligence in stopping his car at the place where it was stopped? 2. If so, did the "assured clear distance ahead" portion of Section 12603, General Code, if applicable to the facts here presented, warrant the trial court in directing a verdict for the defendant?

Section 6310-27, General Code, provides:

"No vehicle shall stop on any road or highway, except with front and rear right wheels within one foot of the right hand side of the improved portion of the

road, nor in any such way as to obstruct a free passage of the road; provided that nothing in this section shall be held to apply whenever a driver of a vehicle is compelled or permitted to stop by reason of other lawful regulations, or emergency.''

The evidence contained in this record does not warrant the conclusion that defendant stopped his automobile because of an emergency, and it does not warrant a finding, as a matter of law, that the defendant did not violate said section by having the right front and rear wheels of his car more than one foot from the right-hand side of the improved portion of the highway during all of the time when said vehicle was stopped beyond the summit of Ports Hill at the time of the occurrence in question.

There was an express statutory duty owing from defendant to plaintiff that defendant comply with the provisions of Section 6310-27, General Code. Whether or not defendant did comply with the provisions of said section, certainly, under this record, was a question for submission to the jury. The trial court erred, therefore, in withdrawing that question from the jury and directing a verdict for defendant.

As stated by counsel for plaintiff:

''There remains to be considered a statute which, for no reason which reflects any credit on our thinking, has introduced a deal of confusion into current discussions of negligence.''

The statute referred to is Section 12603, General Code, and the part involved herein provides that ''no person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.''

In approaching a consideration of the question here presented, which, of course, deals with contributory negligence, it must be remembered that negligence can-

not exist in the abstract. It is not a lapse from some universal rule of human conduct. Nor is it merely the violation of some rule of the common law or some definite specific requirement of a statute. It becomes a legal issue only in a controversy between persons.

It will advance the cause of neither of the parties to show that the other was violating the command of some legal requirement, unless he can connect that requirement with himself or his cause. If he rests his case upon the violation of some duty, he must show that the duty is owed to him; else his cause is lost at the outset. *Gedeon, Admr.,* v. *East Ohio Gas Co.,* 128 Ohio St., 335, 190 N. E., 924.

Inquiry must therefore first be directed toward the discovery of that duty which plaintiff owed to defendant and which plaintiff violated. If that cannot be found, one need be concerned no further about contributory negligence.

As this plaintiff approached the brow of Ports Hill, he owed to the defendant no duty to discover from that position the presence of defendant's automobile, parked out of sight upon the other side of the summit of said hill. He was not required to see what could not be seen by looking.

Nor, in the absence of any visible sign of danger, did he owe to the defendant any duty to assume that the defendant would be unlawfully parked on the highway, directly in his path. On the contrary, he had, under such circumstances, a right to assume that all other users of the highway would use it in a lawful manner, and that if it became necessary to stop they would stop in a lawful manner, and park in the manner prescribed by law. *Hess* v. *Kroger Grocery & Baking Co.,* 17 Ohio Law Abs., 225, 40 O. L. R., 153; *Mossholder* v. *Head,* 13 Ohio Law Abs., 421, 37 O. L. R., 372.

If the proposition above stated means anything, it

means that the plaintiff was entitled to act upon the assumption which he had a right to make, and to rely upon its truth as fully as when he could see it to be true, and to govern the operation of his automobile and its speed accordingly.

Whether one can see that the road is clear, or whether, not being able to see around a bend in the road, or over the brow of a hill, he is entitled to assume that the highway is not unlawfully obstructed, his speed is to be that which is reasonable under the circumstances known to him or which he is bound to anticipate in the exercise of ordinary care. Under the circumstances here appearing, plaintiff's speed of 25 to 30 miles an hour was not so clearly unreasonable as to justify a directed verdict. Reasonable minds could reasonably reach a contrary conclusion.

On reaching the brow of the hill where the defendant's presence on the highway was and could be first discovered, the plaintiff then owed to the defendant the duty to use ordinary care to avoid colliding with him. He had a choice between two possible courses. The exercise of his judgment in making that choice was not, under the circumstances of this case, so clearly unreasonable or erroneous as to permit a court to conclude that it was negligence as a matter of law.

Every new case calls for the application, not of a formula, but of a principle, for it must be conceded that the application of a formula may lead to an erroneous conclusion. Nevertheless, resort to formula is altogether too often had by courts in deciding cases.

The instant case is an example where applications of formula and principle would produce opposite results. The one sees in the fact of collision the violation of a specific requirement of a statute, labels the act "negligence per se," and forthwith consigns it to the cubicle marked "contributory negligence; remedy barred." The other inquires what duty the statute

creates, and to whom said duty is owing; whether the question is raised by one entitled to invoke it; and whether the duty enjoined has been in fact violated.

The meaning of negligence does not vary with the certainty or doubt that may attend its existence. Whether it be so clearly proved as to leave no room for question, in which case the jury is politely told, through the use of the term "negligence per se," not to speculate about it, or whether it must be spelled out of the uncertain reactions of the "ordinary reasonable man," it does not change character. Negligence remains what it always was: the violation of a duty owed to him who complains of it.

When it is said that the violation of a statute constitutes negligence *per se,* the statement includes always the assumption that the statute claimed to have been violated was enacted for the benefit of one in the position of him who makes complaint concerning the violation thereof. Because of that necessary assumption inherent in the concept of negligence, the statement can never be the universal abstract proposition it seems. It is inevitably bound to the case then under consideration.

The terms of the "assured clear distance ahead" portion of Section 12603, General Code, have not yet been fully defined by the Supreme Court. In the case of *Gumley, Admr.,* v. *Cowman,* 129 Ohio St., 36, 193 N. E., 627, however, the court, while expressly avoiding any attempt to indulge in inflexible definition, did make a beginning. It took particular care to say that a violation of the statute is not proved by the mere fact of collision, and that the test is a subjective one. Nevertheless, the illusion has somehow crept into current notions of the statute that a collision does in fact show a greater speed than will permit the operator to bring his vehicle to a stop within the assured clear distance ahead. That conclusion can scarcely be

avoided if it be once admitted that the word "assured" means positive certainty of the fact assured. If the distance ahead be assured, if the highway be unobstructed in fact, there can be no collision. But if there be a collision, the road was not in fact clear, and the clear distance ahead was not in fact assured.

To one having that difficulty with the statute, to say that a speed no greater than will permit stopping within the assured clear distance ahead is a specific requirement of law,. the violation of which is negligence *per se,* and to say at the same time that the test is a subjective one, presents an inconsistency and a paradox.

If the question were an open one in this state we would conclude that what constitutes the "assured clear distance ahead" depends upon a consideration of so many elements as to preclude, and is of sufficient vagueness to preclude, its being termed a "specific requirement to do a definite act" within the negligence *per se* rule as established by judicial decisions in this state.

See *Heidle* v. *Baldwin,* 118 Ohio St., 375, 161 N. E., 44, which was followed in *Times Square Garage Co.* v. *Spencer,* 121 Ohio St., 77, 166 N. E., 901.

However, the difficulty is apparent rather than real. It presents the usual problem of the application of a rule stated in words of general import to the varying facts of specific cases. Words of general import, sufficiently definite for a general rule to cover a multitude of specific instances, accumulate meaning and give form to the idea thereby expressed by what Mr. Justice Brandeis has described as a "process of inclusion and exclusion." And thus does the idea of any general rule emerge from its words.

So it is with our new phrase, "assured clear distance ahead"; the process of inclusion and exclusion has only begun. The word "assured" has not yet

been fully defined. The definition given by lexicographers does nothing but define the problem, but that admirably: "made certain; undoubted." Which of the two is meant by the statute is precisely what we need to know. Which is to be excluded?

This much, at least, has been definitely said by our Supreme Court: the statutory term "assured" does not mean "absolute certainty." If one must be able to stop before colliding with any object in fact obstructing his path, the collision proves the violation of that requirement. When, therefore, the court declared that the collision does not prove the violation of the statutory requirement, it excluded from the meaning of the phrase the idea of positive certainty.

That leaves but one avenue of approach to determine the final meaning: the subjective test mentioned by the court in *Gumley, Admr.,* v. *Cowman, supra.* That can mean nothing unless it means the appearance of the situation, the dangers one is bound to anticipate, and the freedom from hazards the absence of which one is entitled to assume.

It is on these things that the "ordinary reasonable man" is accustomed to act. If he is to move at all, and presumably the highways were not designed for public parking places, he has no other guide by which to shape his conduct.

Prior to the enactment of the "assured clear distance ahead" portion of Section 12603, General Code, one driving on the highway was bound to see what could be observed by looking. Whether or not he looked, his conduct was to be judged by the facts which could be observed. In governing the speed and operation of his automobile, he was bound also to take into account the *lawful* use of the highway by others, and to anticipate those facts which are the ordinary and likely result of such use; and he was furthermore entitled to expect that others would respect his right

to use the highway and refrain from rendering that use hazardous by *unlawfully* obstructing the same.

The situation with reference to which he was to govern his conduct was made up, then, of facts which could be observed, of those reasonably to be anticipated, and of facts which he had a right to assume. His conduct was judged by all of them. Neither his refusal to look, his failure to anticipate what he was bound to take into account, nor the later discovered untruth of the assumptions he was entitled to make, changed the situation with which he was required or permitted to act at the time.

None of those elements of the situation, with reference to which he is called upon to act every day, is changed by the new statute. When one approaches another coming from the opposite direction, each driving on the right side of the road, the clear distance ahead of each is assured only if the other does not bear over onto the wrong side of the road. If one does bear over when it is too late for the other to stop, it would scarcely be claimed, under the new statute, that the latter was negligent as a matter of law. Such a result would fit so poorly into the law of negligence as to lead at once to the conclusion that the legislature could not have so intended. And if it did not so intend, it is because one is still entitled to assume that the other will stay on his own side of the road as the law requires him to do.

Again, if one approaches the top of a hill, and at the crest is confronted with two cars coming toward him, one on his side attempting to pass the other, would it be said that the driver who stayed on his right side of the road and collided with the automobile driven upon the wrong side of the road was guilty of negligence as a matter of law?

So far as the plaintiff is concerned, the situation is no different here. He was traveling at a rate of speed

which cannot be said to have been clearly unreasonable unless plaintiff was required to assume that the defendant would be unlawfully obstructing the road on the other side of the hill. But he was no more required to assume that than he was required to assume that every car approaching on the right side of the road would get over onto the wrong side, or that around every bend in the road and over the crest of every hill he approached someone would be unlawfully obstructing his path, passing other cars on the bend or hill, or parked in the middle of the highway.

But it may be said that although one may assume that others will not unlawfully obstruct the highway, that does not excuse a violation of the "assured clear distance ahead" requirement of the statute.

It might likewise be said that although one may take human life in the honest belief that it is immediately necessary to the preservation of his own, that does not excuse murder. Each is quite true, and each contributes to the solution of its own problem precisely nothing. Whether or not killing is murder may turn upon the belief as to its immediate necessity, and whether one has an assured clear distance ahead may turn on whether he may assume that to be the fact. That assumption, where permissible, defines and determines the assured clear distance ahead. It is as essential to the definition of the statutory phrase as the requirement that one see what may be observed by looking, and that he keep in mind those unseen dangers which he is bound to anticipate. The subjective test includes them all.

*Skinner* v. *Pennsylvania Rd. Co.,* 127 Ohio St., 69, 186 N. E., 722, is an example of the dangers one is bound to anticipate. Railroad tracks are made for trains to run upon. Their lawful use, which may completely obstruct the highway, must be anticipated. Whoever fails to respect the railroad's right to law-

fully use the railroad tracks violates a duty owed. The case presents such a clear violation of that duty that reasonable minds could not reasonably reach any other conclusion.

The *Gumley case, supra,* rests on the failure of the driver to see what he could have seen by looking. That was the sole ground of that decision. The negligence of the plaintiff there consisted not in traveling 30 or 35 miles an hour, but in failing to see what could have been observed by looking. Under the circumstances of that case the court found that that was negligence of the plainest and simplest sort.

That case turned on only one of the elements which define "assured clear distance ahead": the observable facts. What of a case where facts which cannot be seen may be assumed?

"Collisions of this sort may still occur despite the exercise of due care on the part of the driver of the colliding automobile in attempting to observe the statute, and under proper circumstances the questions of proximate cause and negligence on the part of such driver must be submitted to the jury." *Gumley, Admr.,* v. *Cowman, supra,* at pages 39-40.

This is such a case, as also were the cases of *Hess* v. *Kroger Grocery and Baking Co., supra,* and *Transcontinental Car Forwarding Co.* v. *Sladden, Admx.,* 49 Ohio App., 53, 195 N. E., 256.

Whatever the "assured clear distance ahead" amendment to Section 12603, General Code, added, it did not discard any of those familiar elements of the situation with reference to which the conduct of a driver upon the highway is to be judged. Apart from the statute, the plaintiff was entitled, in the absence of any visible sign of danger, to assume that the road was free from obstructions unlawfully created by the defendant, and to act upon that assumption as fully as when the fact assumed could be seen. Nothing in the

statute required him to assume the contrary. That element of the situation remains with all the others by which his conduct is to be judged, and becomes with them a part of the definition of the statutory phrase, "assured clear distance ahead."

In the instant case there was no collision between plaintiff's and defendant's cars. Plaintiff, because of defendant's alleged unlawful conduct, was confronted with an emergency which he was not bound to anticipate, and even if the "assured clear distance ahead" portion of Section 12603, General Code, was applicable, the court was clearly required to submit the case to the jury.

The judgment of the trial court will therefore be reversed, and the cause remanded for further proceedings according to law.

*Judgment reversed.*

WASHBURN, J., concurs.

FUNK, P. J., not participating.