## EWING v BURKHARDT BREWING CO

Ohio Appeals, 9th Dist, Summit Co

Decided Dec 17, 1937

Rockwell, Grant, Doolittle, Thomas & Buckingham, Akron, for appellee.

Musser, Kimber & Huffman, Akron, for appellant.

## OPINION

By DOYLE, J.·

This action was brought in the Court of Common Pleas of Summit County to recover damages for injuries claimed to have been sustained by the plaintiff therein, Margaret Ewing, because of the negligent operation of the truck of the defendant, The Burkhardt Brewing Company.

The claim was made, and the record discloses, that on the 14th day of February, 1935, Margaret Ewing was riding, as a passenger, in an automobile being driven by her husband, northerly on North Case Avenue in the city of Akron, and that as the automobile was thus proceeding, a truck, owned by The Burkhardt Brewing Company and operated by its servant, which had been parked along the easterly curb line of said street, suddenly pulled out from its parked position into the path of the aforementioned automobile, and struck it at about the place where its right front fender joined the running board.

Several allegations of negligence were charged in the petition. It was urged that the truck driver drove out from the easterly curb line of the street and, in doing so, did not yield the right of way to the automobile in which the plaintiff was riding— in violation of two ordinances of the city of Akron. The ordinances are:

"Sec 172-12. 'Right of way' means the right of a vehicle to proceed uninterruptedly in a lawful manner in the direction in which it is moving, in preference to another vehicle approaching from a different·' direction into its path."·

"Sec 172-14. A vehicle joining the flow of traffic on any street from a standing position * * * shall yield the right of way to pedestrians and all other vehicles."

It was also claimed that the truck driver failed and neglected "to extend his arm or give other warning of his intention to drive out upon said highway and immediately in front of or into the automobile in which plaintiff was riding."

The cause having been submitted to a jury upon the issues made by the pleadings, a verdict was returned for the plaintiff, and judgment was rendered thereon; thereafter this appeal on questions of law was perfected by the defendant below, the appellant herein.

Of the several assignments of error we deem it·expedient to first analyze the contention that the trial court erroneously instructed the jury that a violation of the "right of way" ordinances, §§172-12 and 172-14, supra, constituted negligence as a matter of law.

These ordinances, as can be observed, have been copied almost verbatim from §§6310-28 and 6310-29 GC. Legal construction of the state law is therefore applicable to the ordinances.

This court, some years ago, in Fairlawn Supply & Coal Co. v Jones, 30° Oh Ap 497 (7 Abs 168), 165 NE 853, construed the provisions of §§6310-28 and 6310-29 GC, and decided that a violation of those·sections was not negligence as a matter of law. Thereafter, the Supreme Court, in Times Square Garage Co. v Spencer, 121 Oh St 77, 166 NE 901, also decided that a violation of those sections was not negligence as a matter of law.

Both of those decisions were specifically bottomed upon a construction given to the decision in the case of Heidle v Baldwin, 118 Oh St 375, 161 NE 44, in which one member of the Supreme Court criticized the syllabus and another member did not partici-

pate. Later, in the case of Morris v Bloomgren, 127 Oh St 147, 187 NE 2, the Supreme Court expressly disapproved and overruled Heidle v Baldwin, supra, and also the case of George Ast Candy Co. v Kling, 121 Oh St 362, 169 NE 292. The decision in the latter case had followed the reasoning of the Heidle case, and two of the judges of the Supreme Court joined in a vigorous dissenting opinion. The Supreme Court, in overruling the decisions in Heidle v Baldwin, and George Ast Candy Co. v Kling, did not mention Times Square Garage Co. v Spencer, supra.

As we interpret these various decisions, the effect of the decision in Morris v Bloomgren, supra, destroyed the basis of the reason for the decision in Times Square Garage Co. v Spencer, supra, and Fairlawn Supply & Coal Co. v Jones, supra, so that the question of whether §6310-29, GC, requiring a vehicle joining the flow of traffic on a road or highway from a standing position, to yield the right of way to all other vehicles, is a definite requirement of law, the violation of which constitutes negligence as a matter of law, must be determined inferentially from the decisions of the Supreme Court in other cases wherein it has had under consideration various other statutes, for the purpose of determining whether their violation constitutes negligence as a matter of law.

Counsel are familiar with the large number of cases in which that question has been determined, and they are familiar with the views of this court in reference to some of them, as revealed by the reported decisions of this court.

A consideration of these cases, as they have appeared from time to time, one of which is Buckeye Stages, Inc. v Bowers, 129 Oh St 412, 195 NE 859, requires us to hold that the law providing that a vehicle joining the flow of traffic on a road or highway shall yield the right of way to all other vehicles, is a definite and specific requirement, the violation of which constitutes negligence as a matter of law, and that the trial court in so charging in this case did not commit error.

The petition further alleged that the defendant (appellant), was negligent in failing to cause signals to be made in a way visible outside the vehicle before turning its truck from a position along the curb into the path of traffic. The evidence in the case is such as to justify the jury in finding that that specification of negligence was proved.

After a consideration of the other claimed errors in this case, we reach the conclusion that there are none prejudicial to the rights of the defendant.

Judgment affirmed.

STEVENS, PJ, and WASHBURN, J, concur.