O’Neill, J.
The question before this court is whether a vehicle traveling upon a highway has an absolute right-of-way over a vehicle entering from a private driveway or road, or whether the vehicle traveling on the highway forfeits its preferential right-of-way if it fails to proceed in a lawful manner.
Section 4511.44, Revised Code, provides:
*571 “The operator of a vehicle * * * about to enter or cross a highway from a private road, driveway # * * shall stop and yield the right-of-way to all traffic approaching on said highway.”
Section 4511.01, Revised Code, defines “right-of-way” as follows:
“ ‘Right-of-way’ means the right of a vehicle * * * to proceed uninterruptedly in a lawful maimer in the direction in which it * * * is moving in preference to another vehicle * * * approaching from a different direction into its * * * path.”
As pointed out by Judge Jones in Morris v. Bloomgren, 127 Ohio St., 147, 187 N. E., 2, 89 A. L. R., 831, when he was discussing comparable sections of the General Code analogous to those of the Revised Code quoted above, these are cognate sections pertaining to the right-of-way at places on the highway where a private drive or road enters the highway.
Section 4511.44, Revised Code, requires the operator of a vehicle to stop and yield the right-of-way, and Section 4511.01, Revised Code, defines “right-of-way” as the right “to proceed uninterruptedly in a lawful manner in the direction in which it * * * ig moving,” in preference to a vehicle entering the highway from a private driveway or roadway. These sections confer an absolute right-of-way upon the vehicle on the highway, qualified only by the requirement that, in proceeding uninterruptedly, it must proceed in a lawful manner.
The law gives to the operator of the vehicle upon the highway a shield, an absolute right to proceed uninterruptedly. He forfeits the shield if he fails to proceed in a lawful manner.
The wisdom of the law in this respect is evident.
The trial court was right in its refusal to give the above-quoted charge to the jury, on the ground that it failed to include the qualification that the plaintiff was proceeding in a lawful manner. The Court of Appeals erred in reversing the judgment of the trial court.
The law on this point seems to have been clearly established by the pronouncements of this court beginning with Times Square Garage Co. v. Spencer, 121 Ohio St., 77, 166 N. E., 901. It is clearly set forth in Morris v. Bloomgren, supra, and was reaffirmed in Eisenhuth v. Moneyhon, 161 Ohio St., 367, 119 N. E. (2d), 440.
*572 The judgment of the Court of Appeals should be, and hereby is, reversed, and the judgment of the Common Pleas Court is affirmed.

Judgment reversed.

Zimmerman, acting C. J., Doyle, Taet, Matthias and Herbert, JJ., concur.
Zimmerman, J., sitting in the place and stead of Weygandt, C. J.
Doyle, J., of the Ninth Appellate District, sitting by designation in the place and stead of Zimmerman, J.